STATE of Iowa, Appellant,

v.

Paula J. McKEE, Appellee.

No. 85–1338.

Supreme Court of Iowa.

Aug. 20, 1986.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and Steven J. Oeth, Co. Atty., for appellant.

John D. Jordan of Jordan & Jordan, P.C., Boone, for appellee.

SCHULTZ, Justice.

The district court dismissed a trial information charging defendant with the crime of wanton neglect of a resident of a health care facility in violation of Iowa Code section 726.7. The information specified that the offense was committed when defendant "did act in a manner injurious to the physical welfare of the alleged victim, a resident of the Woodward State Health Care Facility." The issue on appeal is whether the district court was correct in holding that section 726.7 is unconstitutionally vague.

Because the dismissal occurred before a factual hearing, we consider the facts that

the State contends support its charge. From the minutes of the testimony attached to the trial information as amended, the State expected to prove that the defendant Paula J. McKee physically abused the victim, a resident of the facility. The State would offer evidence showing that the defendant committed numerous physical acts against the person of the victim, resulting in minor injuries to the victim.

Defendant moved to dismiss the charge against her, alleging that section 726.7 contains broad language which does not provide a person a reasonable opportunity to understand what acts are prohibited, and which would permit arbitrary and discriminatory enforcement by the State. The district court sustained the motion, reasoning that the section was ambiguous and not understandable to a person of ordinary intelligence, and that it provided no explicit standards for those who enforce it.

■ The principles we follow in reviewing the facial validity of criminal statutes are summarized in *State v. Sullivan,* 298 N.W.2d 267, 270–71 (Iowa 1980). The person challenging the statute carries the heavy burden of rebutting the presumption of constitutionality. If the statute can be made constitutional by a reasonable construction, the court will give it that construction. *Id.* at 270.

■ A penal statute attacked on grounds of vagueness must satisfy two specific standards: (1) it must give a person of ordinary intelligence fair warning of what is prohibited; and (2) it must provide explicit standards for those who enforce it. *Williams v. Osmundson,* 281 N.W.2d 622, 625 (Iowa 1979). A statute is not unconstitutionally vague if the meaning of the words used can be fairly ascertained by reference to similar statutes, other judicial determinations, the common law, the dictionary, or the common and generally accepted meanings of the words themselves. *Id.* Further, in determining a statute's meaning, we may consider the purposes of the legislative enactment and the evils sought to be remedied. *Sullivan,* 298 N.W.2d at 271.

With these principles in mind, we now turn to the statute. Section 726.7 provides:

A person commits wanton neglect of a resident of a health care facility when the person knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a resident of a health care facility as defined in section 135C.1. Wanton neglect of a resident of a health care facility is a serious misdemeanor.

Section 726.7 defines one crime, wanton neglect of a resident of a health care facility, which may be committed in any of three ways, which are stated in the statute disjunctively. The wrongful act may be injurious to either the *"physical, mental or moral* welfare of a resident." (Emphasis added.) The information in this case only alleged that the act was injurious to the physical welfare of a resident. Whether or not these three ways in which the crime may be committed are severable is important because the district court held that the statute could not be salvaged by removing the vague portion, and ruled that the statute as a whole was unconstitutionally vague.

■ We conclude that the portion of the statute referring to acts injurious to the physical welfare of a resident is severable from the remaining portion of the statute; thus we need not consider the issue of vagueness as applied to that portion of the statute which concerns the mental or moral welfare of a resident. Even if these latter provisions were found to be invalid, express statutory authority provides that "the invalidity does not affect other provisions or applications of the Act or statute which can be given effect without the invalid provision or application, and to this end the provisions of the Act or statute are severable." Iowa Code § 4.12. The obvious legislative purpose of section 726.7 is to protect residents of a health care facility from harm. The purpose of the statute would not be destroyed if we considered only one of the ways, stated in the statute disjunctively, in which the statute could be violated: injury to the physical welfare of the resident. *See State v. Aldrich,* 231

N.W.2d 890, 896 (Iowa 1975); *State v. Blythe*, 226 N.W.2d 250, 262 (Iowa 1975). Consequently, we confine our review of the claim of unconstitutional vagueness to the portion of the statute charged.

 Under the charge in this case, the State must prove that defendant knowingly acted in a manner likely to be injurious to the physical welfare of a resident. The question is whether the terms "knowingly," "likely to be injurious," "physical," and "welfare," give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, and whether those terms provide explicit standards for those who apply the laws. "Knowingly" is defined as "with knowledge; consciously; intelligently; willfully; intentionally." *Black's Law Dictionary* 1012 (4th ed. 1968). "Likely" is defined as "probable." *Id.* at 1076. "Injury" is "any wrong or damage done to another." *Id.* at 924. "Physical" is defined as "relating or pertaining to the body, as distinguished from the mind or soul or the emotions." *Id.* at 1304. "Welfare" is defined as "well-doing or well-being in any respect." *Id.* at 1765. By referring to these definitions, one may conclude that the conduct prohibited under this statute is intentionally or willfully engaging in conduct that probably would cause an injury to the body. Additionally, we believe that these are the plain, everyday meanings of the words in the statute. In deciding whether a statute gives sufficient warning or provides sufficient standards, the court may apply the "normal everyday meaning" of the terms in the statute. *See State v. Jaeger*, 249 N.W.2d 688, 691 (Iowa 1977). Although specific prohibited actions are not listed, the conduct prohibited seems clearly delineated. Also, the term "knowingly" describes the necessary intent. "[A] scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 372 (1982).

Defendant contends that although these terms do have plain meanings, they may be difficult to apply in a context of a mental health hospital because acts that ordinarily might be proscribed by statute as likely to cause injury to a resident may be justified when an employee is attempting to restrain a resident or is acting in self-defense. We believe the statute is clear that the accused must act willfully in a manner that is likely to be injurious to the welfare of the resident, which is the antithesis of an intentional act that may injure but is performed in the resident's best interest. Self-defense is available as a defense without enumeration in the statute. *See* Iowa Code § 704.3 (defense of self or another).

 In summary, having considered all the arguments of the parties, we hold that the proscription in section 726.7 against willful acts likely to be injurious to the physical welfare of a resident of a health care facility is not unconstitutionally vague. Accordingly, we hold the district court erred in dismissing the trial information. We reverse and remand for further proceedings.

REVERSED AND REMANDED.