STATE of Iowa, Appellee,

v.

James B. KLINDT, Appellant.

No. 95–942.

Supreme Court of Iowa.

Jan. 17, 1996.

James B. Klindt, Rockwell City, pro se.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, William E. Davis, County Attorney, and Thomas C. Fritzsche, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

On March 28, 1984, James B. Klindt was charged with one count of first-degree murder. The trial information alleged he murdered his wife on March 18, 1983. The charge was filed in Scott County and later transferred to Woodbury County for trial. The trial took over two weeks and involved many witnesses. Following trial the jury returned a verdict acquitting Klindt of first-degree murder but finding him guilty of second-degree murder, a lesser included offense. He was sentenced on December 21, 1984, to a term of imprisonment not to exceed fifty years and ordered to pay court costs. His conviction was affirmed on appeal. *State v. Klindt,* 389 N.W.2d 670, 671 (Iowa 1986).

In April 1985, Klindt signed a department of corrections restitution plan which was prepared pursuant to Iowa Code chapter 910 (1983) requiring him to pay $3,940.45 as restitution for court costs. In July 1985, a supplemental court order was entered requiring him to pay $22,871.51 as restitution for court costs. The clerk had provided a full statement of the service fees, transcript costs, attorney fees, witness fees, and travel costs. The court order stated "that the amounts of restitution were not available at the time of sentencing." A revised restitution plan, reflecting the supplemental court-ordered restitution amount, was prepared to replace the previous department of corrections restitution plan. Klindt was advised of the modified plan which was signed by his counselor and approved by the warden.

Nine years later Klindt filed a petition to modify the restitution plan. *See* Iowa Code § 910.7. He challenged the costs that were assessed against him. The district court denied the petition.

On appeal Klindt contends that (1) the supplemental restitution order violates the constitutional prohibition against ex post facto laws because Iowa Code section 815.13, relating to court costs in the prosecution of criminal actions, was enacted after the commission date of Klindt's crime; and (2) the court costs for his trial should be apportioned because he was tried on a charge of first-degree murder but convicted of second-degree murder. We affirm.

### I. *Scope of Review.*

We review the district court's ruling on Klindt's petition to modify the supplemental restitution order for errors of law. Iowa R.App. P. 4. Our review of the constitutional issue is de novo. *State v. Walker,* 506 N.W.2d 430, 431 (Iowa 1993).

### II. *Ex Post Facto.*

Klindt contends that the district court's supplemental restitution order violates the ex post facto provisions of our federal and state constitutions. *See* U.S. Const. art. I, § 10, cl. 1 ("No State shall ... pass any ... ex post facto Law."); Iowa Const. art. I, § 21 ("No ... ex post facto law ... shall ever be passed."). The constitutional prohibition of ex post facto laws "forbids application of a new punitive measure to conduct already consummated where it operates to the detriment or material disadvantage of the accused." *Walker,* 506 N.W.2d at 433 (quoting *State v. Quanrude,* 222 N.W.2d 467, 469–70 (Iowa 1974)); *see also State v. Soppe,* 374 N.W.2d 649, 652 (Iowa 1985) (ex post facto clause is violated when a statute "makes more burdensome the punishment for a crime, after its commission") (quoting *Beazell v. State,* 269 U.S. 167, 169–70, 46 S.Ct. 68, 68, 70 L.Ed. 216, 217 (1925)).

1983 Iowa Code supplement section 815.13, effective July 1, 1983, provides, in pertinent part:

The county ... that prosecutes a criminal action shall pay the required fees and mileage to witnesses called on behalf of the prosecution, the costs of depositions taken on behalf of the prosecution, the costs of

transcripts requested by the prosecution, the fees that are payable to the clerk of the district court for services rendered, and court costs taxed in connection with the trial of the action or appeals from the judgment. These fees and costs are recoverable by the county ... from the defendant unless the defendant is found not guilty or the action is dismissed.

This section was enacted as part of the overall reorganization of the court system wherein the state assumed financial responsibility from the counties for the costs of county clerk of court offices, indigent legal defense, and other aspects of financing the court system. *See* 1983 Iowa Acts ch. 186.

■ The authority of sentencing courts to determine and order criminal defendants to make victim and cost restitution antedated the passage of section 815.13. Iowa Code chapter 910 governs restitution and applies to all persons sentenced after July 1, 1982. *See* 1982 Iowa Acts ch. 1162, § 14 (codified at Iowa Code ch. 910). Section 910.2 requires the sentencing court to order restitution and makes convicted defendants financially responsible for victim restitution and court costs:

> In all criminal cases except simple misdemeanors ..., in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each offender to the victims of his or her criminal activities and, to the extent that the offender is reasonably able to do so, to the county where conviction was rendered for court costs, court-appointed attorney's fees or the expense of a public defender when applicable.

Section 910.3 requires the court's determination of the amount of restitution:

> The court shall require the county attorney to promptly prepare a statement of pecuniary damages to victims of the defendant and shall require the clerk of court to prepare a statement of court-appointed attorney's fees, the expense of a public defender and court costs which shall be promptly provided to the presentence investigator.... At the time of sentencing,

the court shall set out the amount of restitution including the amount of public service to be performed as restitution and the persons to whom restitution must be paid. This shall be known as the plan of restitution.

■ We hold that the district court's sentencing order and supplemental restitution order were pursuant to Iowa Code chapter 910 and, consequently, do not violate the constitutional provisions against ex post facto laws.

### III. *Apportionment.*

■ The court costs and fees "attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan." *State v. Petrie,* 478 N.W.2d 620, 622 (Iowa 1991). On the other hand, court costs and fees "not clearly associated with any single charge should be assessed proportionally against the defendant." *Id.* Klindt contends that the court costs for his trial should be assessed proportionally because he was tried on a charge of first-degree murder but convicted of second-degree murder. He suggests fairness requires the court costs be reduced by one-half.

■ We hold that the apportionment rule is not applicable. Although Klindt would have a viable argument if he had been charged with multiple counts and acquitted on one or more, here he was convicted of second-degree murder, a lesser included offense of a single charge, first-degree murder. *See id.* (requiring a defendant convicted of one of three counts to pay only one-third of the court costs); *cf. State v. Holmberg,* 449 N.W.2d 376, 377 (Iowa 1989) (holding that defendant's plea to a lesser offense of computer theft in the third degree did not limit the sentencing court's authority to order restitution to the full extent of losses caused by defendant's actions). The difference between first-degree murder and second-degree murder is that the former requires specific intent to kill, whereas the latter requires only a general criminal intent. *See* Iowa Code §§ 707.2, .3; *State v. Kraus,* 397 N.W.2d 671, 672 (Iowa 1986). Evidence presented to prove first-degree murder is relevant to

proving the lesser included offense of second-degree murder. It is apparent that the costs in Klindt's trial, which turned largely on scientific and circumstantial evidence, would have been the same regardless of the degree of murder charged.

**AFFIRMED.**