STATE of Iowa, Appellee,

v.

Lynn William OSMUNDSON, Appellant.

No. 94–2015.

Supreme Court of Iowa.

April 17, 1996.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, John P. Sarcone, County Attorney, and Mary Pat Hoffman, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and TERNUS, JJ.

LARSON, Justice.

Lynn Osmundson was convicted of attempting to entice away a child under Iowa Code section 710.10(2) (1993). He appealed, contending that the statutory provision is unconstitutionally vague. We affirm.

## I. *The Facts.*

Osmundson struck up a conversation with two eleven-year-old boys who were skateboarding in West Des Moines. He engaged the boys in a conversation about money and said that he made money by photographing people in the nude. He told the boys that they could earn money by being photographed and invited them to his house for orange juice. The boys became frightened and left.

## II. *The Law.*

Iowa Code section 710.10(2) (1993) provides:

> A person commits an aggravated misdemeanor when, without authority and with the intent to commit an illegal act upon the child, the person attempts to entice away a child.

Vagueness arguments are rooted in the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and article I, section 9 of the Iowa Constitution. *State v. Walker,* 506 N.W.2d 430, 432 (Iowa 1993); *State v. Todd,* 468 N.W.2d 462, 465 (Iowa 1991).

> It is a basic principle of due process that an enactment is void for vagueness if its provisions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discrim-

inatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

*Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222, 227–28 (1972). Due process requires a higher standard of certainty in criminal than civil statutes. *Winters v. New York,* 333 U.S. 507, 515, 68 S.Ct. 665, 670, 92 L.Ed. 840, 849 (1948).

■ Based on these principles, we have held that a penal statute (1) must give a person of ordinary intelligence fair notice of what is prohibited, and (2) must provide an explicit standard for those who apply it. *Walker,* 506 N.W.2d at 432; *Todd,* 468 N.W.2d at 465.

■ Osmundson contends the statute fails both parts of the test. The State counters that, given a reasonable construction, the statute provides both fair notice of what is prohibited and an explicit standard to follow. Our review of this constitutional challenge is de novo. *Walker,* 506 N.W.2d at 431.

■ Statutes are given a strong presumption of constitutionality. *State v. Ryan,* 501 N.W.2d 516, 517 (Iowa 1993); *Todd,* 468 N.W.2d at 465; *see* Iowa Code § 4.4(1) (statutes presumed to be intended to comply with federal and state constitutions). This presumption places a heavy burden on one challenging the constitutionality of the statute. *Ryan,* 501 N.W.2d at 517; *State v. McKee,* 392 N.W.2d 493, 494 (Iowa 1986). The challenger must negate every reasonable basis for sustaining the statute. *Wettach v. Iowa Bd. of Dental Examiners,* 524 N.W.2d 168, 171 (Iowa 1994). We will give the statute any reasonable construction necessary to uphold it. *Ryan,* 501 N.W.2d at 517; *McKee,* 392 N.W.2d at 494.

### III. *Application of the Law*

A. *Fair notice.* Osmundson argues that a person of ordinary intelligence is not given fair notice of what is prohibited because the word "entice" is not defined, and its meaning is unclear.

■ The legislature did not define "entice" in section 710.10(2) itself or in chapter 702, which provides general definitions applicable to the criminal code. Another statute, Iowa Code § 728.12(1), uses the term "entice" in a similar context, making it a felony when someone "employs, uses, persuades, induces, *entices,* coerces, knowingly permits, or otherwise causes" a minor to engage in certain enumerated acts. Iowa Code § 728.12(1) (emphasis added). In the only case considering the statute, we found the statutory language clear on its face but did not rule on the specific issue of vagueness in the word "entice." *State v. Gilmour,* 522 N.W.2d 595, 597 (Iowa 1994).

■ Despite the lack of an express definition, a statute is not unconstitutionally vague if the meaning of the words used can be fairly ascertained by reference to their ordinary and usual meaning, the dictionary, similar statutes, the common law, or previous judicial determinations. *State v. Duncan,* 414 N.W.2d 91, 95 (Iowa 1987); *McKee,* 392 N.W.2d at 494; *State v. Sullivan,* 298 N.W.2d 267, 270 (Iowa 1980).

"Entice" is defined as "to draw on by arousing hope or desire" or "to draw into evil ways." Webster's Third New International Dictionary 757 (1986). Synonymous words include "allure," "attract," and "tempt." *Id.* Black's Law Dictionary defines "entice" as

[t]o wrongfully solicit, persuade, procure, allure, attract, draw by blandishment, coax or seduce. To lure, induce, tempt, incite, or persuade a person to do a thing. Enticement of a child is inviting, persuading or attempting to persuade a child to enter any vehicle, building, room or secluded place with intent to commit an unlawful sexual act upon or with the person of said child.

Black's Law Dictionary 477 (5th ed. 1979) (citation omitted).

Osmundson's conduct clearly falls within these definitions. He interested the boys by discussing money and then offered them money and refreshments if they would ac-

company him to his apartment. These definitions and the commonly understood meaning of "entice" are specific enough to provide guidance to ordinary citizens and fair notice of what actions are proscribed. *See McKee,* 392 N.W.2d at 495 ("Although specific prohibited actions are not listed, the conduct prohibited seems clearly delineated.").

■ Osmundson also argues that the statutory language is vague because it is unclear from what or whom the victim is to be enticed "away." When interpreting the meaning of the statute, we give effect to all the words in the statute unless no other construction is reasonably possible. *Iowa Auto Dealers Ass'n v. Iowa Dep't of Revenue & Fin.,* 301 N.W.2d 760, 765 (Iowa 1981). Therefore, the word "away" is presumed to have been given some meaning. However, adding the word "away" to "entice" does not add to or alter the meaning of the word "entice." Applied to the facts of this case, no person of ordinary intelligence would be left in doubt as to the meaning of the word "away"; the defendant attempted to persuade the boys to leave the area where they were talking and go to his apartment.

B. *Explicit standard.* Osmundson argues that the statute creates no explicit standard to guide persons applying the law because these definitions require them to make a judgment about what state of mind the defendant was trying to instill in the victim. However, as the State argues, "entice" focuses on the actions of the defendant; it does not matter what the victim thought. This conclusion is buttressed by the language of the statute, which prohibits the mere attempt to entice away the child. *See* Iowa Code § 710.10(2).

■ The scienter element of the statute provides further support for the State's argument that the statute focuses on the defendant's actions. It requires the defendant to act "with the intent to commit an illegal act upon the child." Iowa Code § 710.10(2). The Supreme Court has recognized that "a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,*

455 U.S. 489, 499, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 372 (1982); *accord McKee,* 392 N.W.2d at 495.

Osmundson raises the principle that penal statutes are to be strictly construed with doubts being resolved in favor of the accused. *See State v. Williams,* 315 N.W.2d 45, 49 (Iowa 1982). However, we have held "[l]iteral exactitude or precision is not necessary. Due process requires no more than a reasonably ascertainable standard of conduct." *Knight v. Iowa Dist. Ct.,* 269 N.W.2d 430, 432 (Iowa 1978). We conclude that the statutory language in question provides fairly ascertainable standards within the constitutional requirements regarding vagueness, and there is therefore no need to apply construction rules that are applicable to "doubtful" statutes.

Other courts considering similar statutes have found the words "entice" or "entice away" not to be unconstitutionally vague. In *Washington v. Missmer,* 72 Wash.2d 1022, 435 P.2d 638 (1967), *cert. denied,* 393 U.S. 885, 89 S.Ct. 197, 21 L.Ed.2d 162 (1968), the Supreme Court of Washington considered a statute providing that any person who shall willfully "lead, take, *entice away,* or detain a child ... with intent to conceal him" is guilty of second-degree kidnapping. *Id.* at 640 (emphasis added). The court held that the words are "common words, of common usage, and enjoy a commonly recognized meaning among people of common intelligence." *Id.* at 642 (citation omitted). It concluded that the defendant's behavior in offering a fourteen-year-old girl a job and asking her to accompany him to his office when he in fact was unemployed and had no office "clearly constituted 'enticing away' as those words are used in the aforementioned statute." *Id.* at 641.

In *Hawkins v. United States,* 105 A.2d 250 (D.C.1954), the District of Columbia Municipal Court of Appeals rejected an argument that statutory language including the word "entice" was unconstitutionally vague.

Appellant's second contention is that the statute under which he was convicted sets up no ascertainable standard of guilt, is so vague, indefinite and general as to violate

the rights of appellant under amendment V of the Constitution. She cites no case construing a similar statute, and we are completely satisfied that this statute is clear in language and purpose, free of ambiguity, and that it lays down a definite and easily understandable standard of criminal liability. The particular words here applicable make it a crime to "invite, entice, persuade ... any person ... for the purpose of prostitution...." That was the crime the government alleged, and defendant could not have had any question as to why she was brought into court, or against what charge she was required to defend. The argument of the unconstitutionality is completely untenable.

*Hawkins,* 105 A.2d at 252.

The meaning of the statute is clear from its terms. Its language provides fair notice of what actions are prohibited and an explicit standard for those applying the law. Therefore, we affirm the decision of the district court.

**AFFIRMED.**