STATE of Iowa, Appellant,

v.

Rosemary E. BAKER, Appellee.

No. 03–1465.

Supreme Court of Iowa.

Oct. 6, 2004.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Gina Vosburg, County Attorney, and Eric Simonson, Assistant County Attorney, for appellant.

Linda Del Gallo, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellee.

TERNUS, Justice.

The State charged the defendant, Rosemary Baker, with the offense of tampering with a juror in violation of Iowa Code section 720.4 (2003). The district court dismissed the charge, ruling the statute was unconstitutional as applied to the defendant because it infringed her First Amendment right to free speech. We reverse and remand for further proceedings.

### I. *Background Facts and Proceedings.*

The parties stipulated to the facts underlying this appeal. Baker was charged with violating section 720.4 based on a telephone conversation Baker had with Debra Krause, who had recently served as a juror in a criminal proceeding against one Greg Schoo, a friend of Baker. On May 8, 2003, the jury convicted Schoo of first-degree burglary, which carries a mandatory twenty-five-year prison sentence.

The day after the verdict was rendered Krause received a phone call that began with the caller's question, "Is this Deb?" Because Krause and Baker had previously worked together, Krause recognized Baker's voice. In addition, Krause's caller ID confirmed the call was made from Baker's telephone. When Krause responded that yes, she was Deb, the caller stated, "This

is Rose." The caller then asked Krause "if [she] knew that [she] gave him 25 years." Krause understood Baker was referring to Schoo. Krause told Baker she did not know what sentence Schoo had received. Baker then stated: "Well, I just thought you should know you gave him 25 years," and hung up the phone.

Krause notified law enforcement of Baker's call. Although Krause did not feel threatened by Baker, she was bothered and upset by the call and Baker's tone of voice. According to Krause, she "was in disbelief that [Baker] had called [her] to say that." Krause said she "did not beg and plead to be one of the jurors," and would rather not have been picked, but it was "something [she] had to do—whether [she] wanted to or not!"

Baker was charged with tampering with a juror in violation of Iowa Code section 720.4, which provides in relevant part: "A person who ... in retaliation for anything lawfully done by any witness or juror in any case, harasses such witness or juror, commits an aggravated misdemeanor." Iowa Code § 720.4. Prior to trial, Baker filed an application for adjudication of law points, claiming section 720.4 was unconstitutional as applied to her in this case. She argued that punishing her conduct violated her First Amendment right to freedom of speech. *See* U.S. Const. amend. I. In addition, Baker contended section 720.4 was unconstitutional because the statute did not give fair notice that it prohibited harassment of an individual no longer sitting on a jury, rendering the statute vague in violation of the Due Process Clause. *See id.* amends. V, XIV.

At the hearing on Baker's motion, the parties stipulated to several facts in addition to those set out above. They agreed that Baker was one of several individuals who believed the mandatory minimum sentencing requirement as applied to Schoo was inappropriate.[1] This group contacted news media, the Iowa Attorney General, Internet sites, and other entities to express their disapproval of the sentencing scheme. The parties stipulated Baker would testify she contacted Krause to determine whether Krause was aware of the mandatory sentencing law under which Schoo would receive a twenty-five-year sentence, and Baker wanted to know what Krause thought of that.

In its ruling on Baker's motion, the court determined Baker had not met her burden to prove the statute was unconstitutionally vague. The court did conclude, however, that the statute was unconstitutional as applied to the defendant because Baker's comments to Krause were not threats or fighting words, and Baker had a legitimate purpose in contacting Krause; therefore, Baker's First Amendment rights were violated. The court dismissed the charge against Baker.

The State then filed this appeal, claiming the district court erred in ruling the statute as applied in this case infringed Baker's First Amendment rights. The defendant urges this court to affirm the district court's ruling on First Amendment grounds or, alternatively, on the ground that the statute is unconstitutionally vague.

II. *Principles Governing Our Review.*

 We review the district court's ruling on these constitutional issues de novo. *See State v. Keene,* 629 N.W.2d 360, 363 (Iowa 2001). In doing so, "[w]e presume the statute is constitutional and give it any reasonable construction necessary to uphold it." *State v. Hunter,* 550 N.W.2d

---

1. Schoo's burglary conviction was based on his conduct in breaking into a residence where his ex-wife was present and assaulting her.

460, 463 (Iowa 1996), *overruled on other grounds by State v. Robinson*, 618 N.W.2d 306, 312 (Iowa 2000). Baker, as the party challenging the statute, must establish its unconstitutionality beyond a reasonable doubt. *Keene*, 629 N.W.2d at 365. This burden is met only by refuting "every reasonable basis upon which the statute could be found constitutional." *Id.*

### III. *First Amendment Claim.*

■ The district court concluded section 720.4 violated the First Amendment because it criminalized speech that was not a threat or fighting words, and that had a legitimate purpose. In considering whether this ruling is correct, we must keep in mind the conduct that is prohibited by section 720.4. That statute makes it a crime to harass a juror in retaliation for anything lawfully done by the juror in a case. *See* Iowa Code § 720.4. This court has held that the term "harass" as used in section 720.4 means "harassment" as defined in Iowa Code section 708.7(1). *State v. Reynolds*, 670 N.W.2d 405, 410 (Iowa 2003). The portion of section 708.7(1) pertinent to this case states:

> A person commits harassment when, *with intent to intimidate, annoy, or alarm another person,* the person . . . [c]ommunicates with another by telephone, telegraph, writing, or via electronic communication *without legitimate purpose,* and in a manner likely to cause the other person annoyance or harm.

Iowa Code § 708.7(1)(*a*)(1) (emphasis added). Thus, the crime of tampering with a juror is a specific form of harassment: in this case, telephone communication with a juror in retaliation for anything lawfully done by the juror in a case with intent to intimidate, annoy, or alarm the juror and in a manner likely to cause the juror annoyance or harm.

■ A review of the elements of the offense with which the State charged Baker reveals the first flaw in the district court's analysis. Contrary to the district court's conclusion, the statute does not prohibit speech that has a legitimate purpose. It only reaches communication that not only is "without legitimate purpose" and intended to "intimidate, annoy or alarm" the juror, but is done to retaliate for a lawful act of the juror in a court case. *Id.* Here there was clearly a jury question under the stipulated facts whether Baker contacted Krause to gather factual information about Krause's knowledge and views of the sentencing system, or whether the contact was intended to intimidate or alarm Krause in retaliation for her role in convicting Schoo. The district court should not have resolved this factual dispute in ruling on the constitutional issue, since the constitutional challenge to the statute was raised in a motion to adjudicate law points. Motions to adjudicate law points may not be used to resolve factual disputes, only legal issues. *See State v. Marti*, 290 N.W.2d 570, 579 (Iowa 1980).

The real question here is whether the State can, consistently with the First Amendment, punish Baker for conduct that, while not consisting of threats or fighting words, could be found by a jury to be purposefully intimidating or alarming to a juror in retaliation for the juror's lawful participation in the jury process. We conclude the statute does not violate the First Amendment for two reasons: (1) harassing conduct is not protected by the First Amendment; and (2) to the extent there is infringement on protected speech, such infringement is justified by the state interests at stake.

■ Under section 720.4, the criminality of one's conduct turns on whether the defendant acts (1) without legitimate purpose, (2) with an intent to intimidate, an-

noy, or alarm the juror, and (3) in retaliation for the juror's performance of his or her civic duty as a juror on a case. Such conduct, even when it includes speech, is not protected by the First Amendment.[2] *See State v. Evans,* 672 N.W.2d 328, 330 (Iowa 2003) (rejecting First Amendment challenge to section 708.7(1)(*b*) (prohibiting harassment by personal contact "without legitimate purpose" and "with the intent to threaten, intimidate, or alarm"), holding defendant's First Amendment rights do not include a right to exercise his free speech rights "in a manner that is intended to threaten, intimidate, or alarm the subject"); *accord Thorne v. Bailey,* 846 F.2d 241, 243 (4th Cir.1988) (" 'Prohibiting harassment is not prohibiting speech, because harassment is not ... protected speech. Harassment is not communication, although it may take the form of speech.' " (Citation omitted.)); *State v. Brown,* 207 Ariz. 231, 85 P.3d 109, 111, 114 (Ct.App.2004) (holding harassment statute that required an intent to harass— "cause a reasonable person to be seriously alarmed, annoyed or harassed"—does not regulate "constitutionally protected speech"); *State v. Thorne,* 175 W.Va. 452, 333 S.E.2d 817, 819 (1985) (holding statute that prohibited "repeated telephone calls ... with intent to harass" did not violate the First Amendment); *cf. Turney v. State,* 936 P.2d 533, 540–41 (Alaska 1997) (holding statute criminalizing speech intended to influence a juror did not violate the First Amendment).

Other courts have rejected First Amendment challenges to rules or statutes that prohibit *any* contact with jurors. In *Commission for Lawyer Discipline v. Benton,* 980 S.W.2d 425 (Tex.1998), the Supreme Court of Texas noted "it is well established in the law that post-verdict speech can ... pose a sufficiently significant threat to the fairness of jury trials to justify curtailing the would-be speakers' constitutional interests." 980 S.W.2d at 432; *accord Haeberle v. Tex. Int'l Airlines,* 739 F.2d 1019, 1021–22 (5th Cir. 1984). The fairness of jury trials is threatened by contact with jurors, particularly harassing contact, because citizens who are aware of abusive communications with other jurors will be discouraged from jury service or their impartiality as jurors may be compromised by the fear of retaliation. *Benton,* 980 S.W.2d at 433–34. It has been held, therefore, that states' legitimate interest in protecting the jury system justifies forbidding juror harassment. *Id.* at 432–33 (citing cases); *cf. United States v. Brown,* 250 F.3d 907, 918 (5th Cir.2001) (holding right of accused to trial by impartial jury justified post-verdict protection of jurors from harassment and did not violate First Amendment); *United States v. Radonjich,* 1 F.3d 117, 120 (2d Cir.1993) (finding no constitutional error in limiting defendant's post-verdict access to jurors, observing "jurors have a right to go home at the end of the trial ... secure in the belief that they will not be harassed and they will not be questioned").

---

2. The defendant claims that given the restrictions of the First Amendment, only fighting words can be prohibited, citing our decision in *State v. Fratzke,* 446 N.W.2d 781, 785 (Iowa 1989). Baker misconstrues the breadth of our holding in *Fratzke,* where we construed Iowa's harassment statute, Iowa Code section 708.7(1)(*a*)(1). This court held "that *so long as a lawful purpose for the communication* exists, no language short of 'fighting words' may serve to defeat or criminalize the sender's message." *Fratzke,* 446 N.W.2d at 785 (emphasis added). The conduct at issue here, however, could be found to be "without legitimate purpose." Iowa Code § 708.7(1)(*a)* (1). Therefore, the rationale of *Fratzke* is inapposite.

Section 720.4 is clearly directed at preventing harassing contact with jurors. Even if such contact was protected by the First Amendment, the State's interest in preserving the integrity and fairness of the jury system justifies the limitation on protected speech imposed by section 720.4. *See generally Chaplinsky v. New Hampshire,* 315 U.S. 568, 571, 62 S.Ct. 766, 769, 86 L.Ed. 1031, 1035 (1942) (holding "the right of free speech is not absolute at all times and under all circumstances"). We conclude the statute does not infringe free speech rights as applied to the defendant.

## IV. *Vagueness Claim.*

■■ The concept of fair notice of prohibited conduct embodied in the Due Process Clause of the Fourteenth Amendment to the United States Constitution and article I, section 9 of the Iowa Constitution is the basis for the void-for-vagueness doctrine. *See State v. Osmundson,* 546 N.W.2d 907, 908 (Iowa 1996); *State v. Walker,* 506 N.W.2d 430, 432 (Iowa 1993). The United States Supreme Court has explained this doctrine as follows:

First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms." Uncertain meanings inevitably lead citizens to "steer far wider of the unlawful zone ... than if the boundaries of the forbidden areas were clearly marked."

*Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222, 227–28 (1972) (citations omitted). In view of these considerations, we have held " 'a penal statute [must] define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' " *Hunter,* 550 N.W.2d at 462 (quoting *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909 (1983)). Moreover, "[s]tatutes threatening to inhibit the exercise of constitutional rights receive a more stringent vagueness analysis." *State v. Sylvester,* 516 N.W.2d 845, 850 (Iowa 1994).

■ The specificity required by the Due Process Clause does not mandate that every statutory term be defined in the statute. *State v. Sullivan,* 298 N.W.2d 267, 270 (Iowa 1980). Due process merely requires that a standard of conduct be reasonably ascertainable "by reference to prior judicial decisions, similar statutes, the dictionary, or common generally accepted usage." *Id.*

Baker argued in the district court that section 720.4 is vague because it does not define the term "juror." She contended a reasonable person such as herself could conclude that an individual is no longer a juror when the case has been concluded and the jury dismissed. Under this view of the statute, its prohibitions would apply only when the recipient of the communication is currently sitting on a case as a juror. We do not agree that a reasonable person would interpret section 720.4 in this

manner, particularly in view of the obvious purpose of the statute.

Turning first to the common meaning of the term, we find the dictionary defines "juror" as "1 a: one of a number of men sworn to deliver a verdict as a body : a member of a jury b: a person designated and summoned to service on a jury 2: a person who takes oath esp. of allegiance." *Webster's Third New International Dictionary* 1227 (unabr. ed.2002). This definition does not clearly limit the term "juror" to a person actively or presently serving on a jury. That such a limitation would not be reasonable here is supported by the context of the statute and the legislative purpose underlying the adoption of section 720.4. The statute makes it a misdemeanor to *retaliate* for anything lawfully done by *any* juror in *any* case. Iowa Code § 720.4. The statute focuses on the role played by the victim in a court case without any temporal limitation. Furthermore, the most visible act taken by a juror and clearly the one most likely to generate retaliation is the verdict. In view of the purpose of the statute, it would seem odd indeed that its protection would cease at the very time this safeguard is most needed. *See Brown*, 250 F.3d at 918–19 ("The judge's power to prevent harassment and protect juror privacy does not cease when the case ends."). In fact, section 720.4 has been applied to post-verdict harassment of a juror. *See State v. Reynolds*, 670 N.W.2d 405 (Iowa 2003).

We think a reasonable person reading the statute and considering its purpose would understand that harassment of jurors is prohibited whether the victim's jury service is ongoing or has terminated. Therefore, we reject the defendant's void-for-vagueness challenge to section 720.4.

V. *Summary and Disposition.*

Section 720.4 does not violate the First Amendment as applied to this defendant.

Nor can the district court's ruling be upheld on the basis that the term "juror" as used in the statute is vague. The district court erred in holding the statute unconstitutional as applied to the defendant and dismissing the charge against her. We reverse and remand for further proceedings.

**REVERSED AND REMANDED.**

All justices concur except LARSON, J., who dissents.

LARSON, Justice (dissenting).

I dissent because I believe the statute applied here is vague as to this defendant. While her actions might be considered harassment under the broad definitions of section 708.7(1), I do not believe they may reasonably be construed as actions directed at a juror. The test is that the statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." *See Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909 (1983).

In this case, I do not believe we can assume that an ordinary person would understand that harassment of a person who had been, but is no longer, a juror could be the subject of this crime. Presumably, when the verdict was rendered, this juror, along with the others, was discharged and was no longer a juror. Here, the telephone call was made only a day or so after the trial. If the defendant had made the call a month or six months later, could it reasonably be construed as a call to a "juror"? I think for constitutional purposes the majority's interpretation stretches the statute too far. It should not be a matter of "once a juror always a juror."

*State v. Reynolds*, relied on by the majority, does not support its conclusion be-

cause the status of the victim, a juror who had been discharged, was not even raised as an issue.

We should adopt a bright-line rule that a person is no longer a "juror" under the statute once the juror has been discharged. Any harassment after the point of discharge should be prosecuted under our general harassment statute, Iowa Code section 708.7.

I would affirm the district court, but on a different ground.