**IN THE COURT OF APPEALS OF IOWA**

No. 15-1058
Filed July 27, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**LACEY LEA HOLTZ,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

Lacey Holtz appeals from judgement and sentence imposed upon her conviction for enticing a minor. **REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Lacey Holtz appeals from judgement and sentence imposed upon her conviction for enticing a minor, in violation of Iowa Code section 710.10(3) (2013). Holtz contends the court improperly instructed the jury on the elements of the offense and erred in denying her motion for new trial. She also asserts there is insufficient evidence to sustain the conviction and that the court erred in imposing conditions of probation. Because we conclude there is insufficient evidence to prove Holtz intended to commit an illegal act upon a minor, we reverse the conviction. Holtz also pled guilty to possession of marijuana, and we remand for resentencing on this conviction.

**I. Background Facts and Proceedings.**

Viewing the evidence in the light most favorable to the State, the jury could find the following. Fourteen-year-old B.V. was checking on his turtle traps in a creek when he heard pinging sounds. B.V. rode his bicycle toward the nearby residence and encountered Lacey Holtz, age thirty-one, sitting outside her home shooting an Airsoft gun at a bridge. B.V. approached Holtz, and the two talked for a while. Holtz asked B.V. if he wanted to go inside the house because it was cooler. B.V. joined her inside and sat on the couch.

While they were inside, a person came into the residence to purchase marijuana and then left. Holtz then left the room, returned with a black bag, and removed a plastic bag of marijuana and a pipe. She lit the pipe and took a puff. Holtz offered the pipe to B.V., who first declined. Holtz then showed B.V. "how to do it" and said, "Here; you try it." B.V. did and gave the pipe back to her. B.V. testified that he was scared because Holtz had a knife with a curved blade on a

nearby table. When B.V. told Holtz he wanted to go home, she told him to wait; she put eye drops in his eyes and cologne on him so he would not smell like marijuana.

The following day, B.V.'s mother asked him if he knew Holtz after a neighbor said they saw B.V. at Holtz's residence. B.V. then told his mother about the previous day. Law enforcement was called, a search warrant issued, and marijuana and the pipe described by B.V. were found.

Holtz was subsequently tried on two charges: enticing a minor and possession of marijuana. During the trial, Holtz entered a guilty plea to the possession charge. The jury found Holtz guilty of enticing a minor. She sought motions for directed verdict, for judgment of acquittal, and for new trial on the enticing-a-minor charge, which the court overruled. The court entered judgment and sentence on the two convictions and imposed as a condition of probation that Holtz was to avoid bars, taverns, or other liquor stores. Holtz appeals.

## II. Scope and Standard of Review.

We review challenges to the sufficiency of the evidence for errors at law. *State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000). We uphold a jury's finding of guilt if substantial evidence supports the verdict. *Id.* "'Substantial evidence' is evidence upon which a rational finder of fact could find a defendant guilty beyond a reasonable doubt." *Id.*

## III. Discussion.

"Our legislature has wide latitude to declare an offense and define the appropriate element of criminal intent or culpable conduct." *Id.* at 512. "[W]e construe the statute by considering the language of the act, in connection with its

manifest purpose and design." *Id.* Moreover, "we are guided by familiar rules of statutory construction." *State v. Williams*, 315 N.W.2d 45, 49 (Iowa 1982). Penal statutes must give fair warning of the conduct prohibited, and we strictly construe penal statutes "with doubts being resolved in favor of the accused." *Id.*

> Since the strict construction rule is based on doubt, it will not be applied when it will defeat the obvious intent of the legislature. In interpreting the meaning of a criminal statute, courts may properly consider the evil sought to be remedied and the purposes or objectives of the enactment. Furthermore, the meaning of a statute may be "ascertained by reference to prior judicial decisions, similar statutes, the dictionary, or common generally accepted usage."

*Id.* (citations omitted). With these principles in mind, we turn to the provision at issue.

Section 710.10(3) provides: "A person commits a class 'D' felony when, without authority and with the *intent to commit an illegal act upon a minor* under the age of sixteen, the person entices a person reasonably believed to be under the age of sixteen." (Emphasis added.)

The jury was instructed:

> Under Count 1, the State must prove the following elements of the crime of Enticing a Minor:
> 1. On or about the 4th day of August, 2014, Lacey Holtz enticed [B.V.]
> 2. The Defendant did so with the specific intent to commit an illegal act on [B.V.]
> 3. The Defendant committed an overt act evidencing her purpose to entice [B.V.]
> 4. At the time [B.V.] was enticed, either:
> a) [B.V.] was a minor under the age of sixteen; or
> b) The Defendant reasonably believed [B.V.] was under sixteen years of age.
>
> To "entice" means to wrongfully invite, tempt, solicit, lure, coax, seduce, or persuade a person to do a thing. In determining whether the Defendant enticed another, you must look not only to

the actions and conduct of the Defendant, but also to the impact of those actions upon the victim.

What illegal act Holtz was to have committed upon B.V. was not defined, but the State argued the illegal act was B.V.'s possession of marijuana.

In the post-verdict motion, Holtz renewed an earlier argument raised in her motion for judgment of acquittal made at the close of the evidence, claiming that "[p]ossession of marijuana cannot be done 'upon' someone or 'on' someone by the definition in Iowa Code section 124.401(5)."[1]  Holtz also argued in the post-trial motion that "enticing a minor per the historical context, needs a sexual intent or crime of some kind done upon the minor."  The district court noted the statutory language—"to commit an illegal act upon"—was "odd" in the context but "the charge is within the boundaries of that language."

Chapter 710 governs "kidnapping and related offenses."  Section 710.10 is titled "enticing a minor" and classifies the seriousness of the offense.

> (1) A person commits a class 'C' felony when, without authority and *with the intent to commit sexual abuse or sexual exploitation upon* a minor under the age of thirteen, the person entices or attempts to entice a person reasonably believed to be under the age of thirteen.
> (2) A person commits a class "D" felony when, without authority and with the intent to commit *an illegal sex act upon or sexual exploitation of* a minor under the age of sixteen, the person entices or attempts to entice a person reasonably believed to be under the age of sixteen.
> (3) A person commits a class "D" felony when, without authority *and with the intent to commit an illegal act upon* a minor under the age of sixteen, the person entices a person reasonably believed to be under the age of sixteen.
> (4) A person commits an aggravated misdemeanor when, without authority and *with the intent to commit an illegal act upon* a

---

[1] Holtz made the argument about the meaning of enticing in the context of the jury-instruction challenge, but the argument applies equally to the sufficiency-of-the-evidence challenge.

minor under the age of sixteen, the person *attempts* to entice a person reasonably believed to be under the age of sixteen. A person convicted under this subsection shall not be subject to the registration requirements under chapter 692A unless the finder of fact determines that the illegal act was *sexually motivated*.

Iowa Code § 710.10 (emphasis added).

The unlawful act asserted here is possession of marijuana. Reading section 710.10 in context, and strictly construing the provision as we must, we conclude possession of marijuana is not the type of conduct the provision is aimed at—it is not an unlawful act committed "upon" another.

In *State v. Osmundson*, the supreme court defined "entice" as "to draw on by arousing hope or desire" or "to draw into evil ways," or

> [t]o wrongfully solicit, persuade, procure, allure, attract, draw by blandishment, coax or seduce. To lure, induce, tempt, incite, or persuade a person to do a thing. Enticement of a child is inviting, persuading or attempting to persuade a child to enter any vehicle, building, room or secluded place *with intent to commit an unlawful sexual act upon or with the person of said child*.

546 N.W.2d 907, 909 (Iowa 1996) (emphasis added) (citation omitted).

In *State v. Quinn*, the defendant asserted there was insufficient evidence he committed an act of enticement or had the specific intent to commit an illegal act upon the victim. 691 N.W.2d 403, 407-08 (Iowa 2005) (interpreting then-section 710.10(3), now codified at section 710.10(4), which states, "[a] person commits an aggravated misdemeanor when, without authority and with the intent to commit an illegal act upon a minor under the age of sixteen, the person attempts to entice away a minor under the age of sixteen, or attempts to entice away a person reasonably believed to be under the age of sixteen"). The supreme court referenced the *Osmundson* definition of entice in determining

there was substantial evidence to support a conviction of an attempt to entice a minor. *Id.* The supreme court stated it was "significant" that the trial court found:

> The deciding factor in this case is the uncontroverted statement given to Officer Kevin Takacs by the defendant describing the victim's smiling face that quickly changed as if she knew what he *wanted to do to her later*. To the Court in this case it can be inferred that he had in mind taking her *in furtherance of his sexual attraction* to young girls.

*Id.* at 407 (emphasis added). The court concluded "there was substantial evidence to support the district court's finding that Quinn was attempting to entice away Karis for the purpose of performing an illegal act upon her"—the illegal act being "false imprisonment" or "sexual abuse." *Id.* at 408.

Our conclusion is bolstered by the fact that other statutory provisions address the provision of substances to minors. *See* Iowa Code §§ 124.406 (distribution to person under age eighteen), 709A.1 (contributing to delinquency). In fact, chapter 709A is titled "Contributing to Juvenile Delinquency," and section 124.406 defines penalties based upon the type of substance distributed to a minor.[2]

Because substantial evidence does not support the conviction of enticing a minor, we reverse the conviction, and remand for dismissal of the enticing charge and resentencing solely on the possession of marijuana charge. We need not address the remainder of Holtz's arguments on appeal.

**REVERSED AND REMANDED.**

---

[2] We acknowledge that providing illegal substances to a minor may be a method used to entice a minor but there must be intent to commit an unlawful act *upon* the child such as kidnapping or sexual abuse.