# IN THE COURT OF APPEALS OF IOWA

No. 13-1148
Filed June 25, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**LAWRENCE DALE SPIDLE,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Dallas County, Virginia Cobb (motion to dismiss), District Associate Judge, and Bradley McCall (sentencing), Judge.

      Lawrence Spidle appeals from the judgment and sentence entered following his guilty plea to violating a sex-offender exclusion zone.  **AFFIRMED.**

      Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

      Thomas J. Miller, Attorney General, Heather Quick, Assistant Attorney General, and Wayne Reisetter, County Attorney, for appellee.

      Considered by Potterfield, P.J., McDonald, J., and Eisenhauer, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Lawrence Spidle appeals from the judgment and sentence entered following his guilty plea to violating a sex-offender exclusion zone. He argues Iowa Code section 692A.113(1)(f) (2011) is unconstitutional under both the United States Constitution and the Iowa Constitution.[1] Because Spidle has failed to show the statute is unconstitutional, we affirm.

## I. BACKGROUND FACTS.

The statute in question provides:

> 1. A sex offender who has been convicted of a sex offense against a minor or a person required to register as a sex offender in another jurisdiction for an offense involving a minor shall not do any of the following:
> . . . .
> f. Be present upon the real property of a public library without the written permission of the library administrator.

Iowa Code § 692A.113.

The uncontroverted facts establish that Spidle, who in 1997 was convicted in Missouri of statutory rape of a person under the age of fourteen and is required to register in Iowa as a sex offender, entered the Perry Public Library in 2012 without first receiving permission from the library administrator. He was charged with violating the exclusion zone and moved to dismiss the charge, claiming the statue is unconstitutional. After the district court denied the motion, Spidle pled guilty as charged.

On appeal, Spidle contends section 692A.113(1)(f) is unconstitutional on three grounds: (1) it violates his federal and state right of information and

---

[1] In the event he failed to preserve error on any claim, Spidle asks they be considered under an ineffective-assistance-of-counsel rubric. For simplicity's sake, we will address the merits of each claim.

association under the First Amendment of the United States Constitution and article I, section seven of the Iowa Constitution; (2) the statute is unconstitutionally vague in violation of the Due Process Clause of the United States and Iowa Constitutions; and (3) it improperly delegates legislative authority, in violation of article III, section 1 of the Iowa Constitution. We address each in turn.

## II. STANDARD OF REVIEW.

As with all constitutional challenges to a statute, our review is de novo. *State v. Thompson*, 836 N.W.2d 470, 483 (Iowa 2013). We are mindful statutes are cloaked with a presumption of constitutionality, and Spidle bears the heavy burden of proving the statute is unconstitutional beyond a reasonable doubt and refuting every reasonable basis upon which it could be found to be constitutional. *See id.* Further, if the statute is capable of being construed in more than one manner, we will adopt the one that construes the statute as constitutional. *Id.*

## III. RIGHT OF INFORMATION AND ASSOCIATION.

Spidle first contends the statute violates his right of information and association. He argues it implicates his rights under the First Amendment of the United States Constitution and article I, section 7 of the Iowa Constitution because it prevents sex offenders from attending meetings or other gatherings at the library. He also argues it restricts his right to receive information and ideas.[2]

---

[2] Spidle argues the First Amendment provides a right to receive information or ideas, and by limiting his access to public libraries, section 692A.113 abridges that right. The State argues no such right exists. Although we assume a constitutional right has been implicated for purpose of analysis, we do not resolve the question of whether public-library access is protected by the First Amendment.

In support of his argument, Spidle cites *Doe v. Albuquerque*, 667 F.3d 1111, 1115 (10th Cir. 2012). In *Doe,* the plaintiff challenged the City of Albuquerque's ordinance prohibiting sex offenders from entering public libraries, arguing it violated the First Amendment right to receive information. 667 F.3d at 1115. The district court granted summary judgment in favor of the plaintiff, and the Tenth Circuit affirmed. *Id.* However, the *Doe* decision rests on the City's failure to properly litigate the matter, with the court noting the City had relied on a "mistaken interpretation of case law regarding facial challenges" and, as a result, "failed to present any evidence as to the reasons or justification for its ban, whether the ban was narrowly tailored to address the interest sought to be served, or whether the ban left open alternative channels for receiving information." *Id.* The court noted that if the City had presented such evidence, "it is not difficult to imagine that the ban might have survived Doe's challenge, for we recognize the City's significant interest in providing a safe environment for its library patrons, especially children." *Id.*

Spidle argues a public library is a place the State has opened for the public to engage in expressive activity and therefore, any regulation of its use must be narrowly tailored to serve a significant government interest. *See Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45-46 (1983). Even applying this heightened standard, we conclude the State provided ample evidence the statute is narrowly tailored. Unlike the restriction in *Doe*, which applied to all sex offenders, section 629A.113 only applies to sex offenders who have committed crimes against minors. 667 F.3d at 1116. Nor is the ban absolute, allowing those affected to obtain permission to enter. Iowa Code

§ 629A.113(1)(f). It further provides exceptions for parents or legal guardians transporting their children to the location and for voters whose polling place is located inside a library. *Id.* § 629A.113(2).

We also conclude the statute promotes a significant government interest. As the court found in *Doe*, the case Spidle relies upon, providing a safe environment for young library patrons is a significant government interest. *See Doe*, 667 F.3d at 1115.

The restriction must also "leave open ample alternative channels of communication." *Perry*, 460 U.S. at 45. Although the statue requires permission before sex offenders can enter the building, the State notes there are alternate means by which they can access the library's information, including home delivery and online access. We conclude section 629A.113(1)(f) does not impermissibly restrict Spidle's access to information.

Likewise, to the extent Spidle urges the statute on its face (he makes no claim to being denied the opportunity to attend any meeting) infringes his right to assembly our analysis is the same; the statute is narrowly tailored, there is a significant government interest involved, and the statute leaves open alternative channels—including allowing those affected to obtain permission to enter the library for the limited purpose of attending a meeting.

Because the sex-offender restriction does not impermissibly violate any constitutional right of information and association, we affirm.

**IV. VAGUENESS.**

Spidle next contends section 692A.113(1)(f) is unconstitutionally vague.

A statute is unconstitutionally vague, and therefore void, if a reasonable person could not know what conduct is outlawed or those charged with enforcement are not provided explicit standards to apply. *State v. Baker*, 688 N.W.2d 250, 255 (Iowa 2004). Section 692A.113(1)(f) is clear as to the conduct it prohibits—a sex offender who has committed a crime against a minor may not be on library property without permission from the library administrator. Without question, a reasonable person would know Spidle was violating the statute. He has failed to show the statute is unconstitutionally vague.

## V. DELEGATION OF AUTHORITY.

Finally, Spidle argues the statute improperly delegates authority to the library administrator without setting forth any standards to guide the administrator's discretion on whether to permit a sex offender access to the library.

"A legislative function may be delegated to another branch of government only if adequate guidelines for its exercise accompany the delegation." *Warren County v. Judges of Fifth Judicial Dist.*, 243 N.W.2d 894, 898 (Iowa 1976). However,

> the general doctrine prohibiting the delegation of legislative authority has no application to the vesting in political subdivisions of powers to govern matters which are local in scope. . . . [T]his principle has been employed to sustain a delegation of powers ordinarily exercisable only by the legislature to such subdivisions as county committees, park commissioners, school districts and counties or county boards.

*Koelling v. Bd. of Trustees*, 146 N.W.2d 284, 288 (Iowa 1966).

Delegating the authority to grant permission to sex offenders to enter library property to library administrators is not impermissible. Spidle has not shown the statue is unconstitutional.

**AFFIRMED.**