# IN THE SUPREME COURT OF IOWA

No. 27 / 06–1735

Filed June 6, 2008

**STATE OF IOWA,**

    Appellee,

vs.

**ERIC RICHARD HANSEN,**

    Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, Bruce B. Zager, Judge.

State seeks further review of court of appeals' decision finding insufficient evidence to convict defendant of enticing away a minor. **DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED; AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and David A. Adams, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Charity McDonnell, Assistant County Attorney, for appellee.

**STREIT**, **Justice**.

Eric Richard Hansen met online an undercover police officer who was posing as a fifteen-year-old girl. The topic of their conversation was sexual at times. They agreed to meet at a Wal-Mart in Cedar Falls. When Hansen arrived at the store, he was arrested for enticement of a minor. He was found guilty as charged. Because the crime of enticement requires the victim to be "entice[d] away," Hansen is guilty of attempted enticement. We affirm the decision of the court of appeals.

## I.    Facts and Prior Proceedings.

On May 22, 2006, a Cedar Falls police officer was in an internet chat room under the assumed identity of a fifteen-year-old girl, "Suzi." Hansen, using the screen name "Rick H.," approached the undercover officer online. The officer told Hansen he was a fifteen-year-old girl from Cedar Falls. Hansen, who was twenty-three years old at the time, claimed he was nineteen and indicated he was interested in meeting Suzi. He said he was available to meet the next day but twice asked "what was in it for him" to drive from Des Moines to Cedar Falls. When Suzi said she had a friend on the other line, Hansen wrote "she can join in lol [laugh out loud]." The officer asked Hansen if they could speak on the telephone. The officer gave Hansen a telephone number. Shortly thereafter, Hansen called and reached an investigator posing as Suzi. During their conversation, Hansen discussed "messing around" with Suzi and also spoke extensively about being careful and ensuring the girl would not get in trouble. When their conversation continued online, he confirmed they would be safe: "Trust me. I'll bring a full pack."

The next morning, Hansen contacted Suzi just after 7:30 a.m. They arranged to meet at the Wal-Mart in Cedar Falls around 9:45 or 10:00 that morning. Hansen said he would be driving a red Chevy S-10

pick-up. At 10:20 a.m., Hansen pulled into the parking lot in a truck matching the description he provided. Hansen walked into the store and called Suzi from a pay phone. No one answered. Hansen returned to his truck, and two Cedar Falls police officers approached him. Initially, Hansen claimed he did not know Suzi's age. Later he admitted he believed she was fifteen or sixteen years old. Although he conceded "the pack" referred to condoms, he said he only intended to "h[a]ng out at Wal-Mart or [go] to lunch" with Suzi. He did not have any condoms with him.

Hansen was charged with enticing away a minor, in violation of Iowa Code section 710.10(2) (2005). The case was tried to the court on the minutes of testimony. Hansen argued he could at most be guilty of attempted enticement. The district court found Hansen guilty as charged, and he appealed. The court of appeals found there was not substantial evidence to support an enticement conviction. It reversed Hansen's conviction with instructions to enter a finding of guilt for attempted enticement. We granted further review and affirm the decision of the court of appeals.

## II. Scope of Review.

Challenges to the sufficiency of the evidence are reviewed for correction of errors at law. *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). The district court's findings of guilt are binding on appeal if supported by substantial evidence. *State v. Hopkins*, 576 N.W.2d 374, 377 (Iowa 1998). Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *Id.*

## III. Merits.

We must decide whether there is sufficient evidence to find Hansen guilty of enticement of a minor. He apparently concedes there is

sufficient evidence to find him guilty of attempted enticement. Iowa Code section 710.10 makes it illegal for adults to solicit sexual contact with a minor or a person reasonably believed to be a minor. It states:

> 2. A person commits a class "D" felony when, without authority and with the intent to commit an illegal act upon a minor under the age of sixteen, the person entices away a minor under the age of sixteen, or entices away a person reasonably believed to be under the age of sixteen.

> 3. A person commits an aggravated misdemeanor when, without authority and with the intent to commit an illegal act upon a minor under the age of sixteen, the person *attempts to* entice away a minor under the age of sixteen, or *attempts to* entice away a person reasonably believed to be under the age of sixteen.

(Emphasis added.) A sexual act between a twenty-three-year old man and a fifteen-year-old girl would constitute third-degree sexual abuse. Iowa Code § 709.4(2)(*c*).

Hansen claims he cannot be guilty of enticement because he did not successfully "entice away" either a minor or a person reasonably believed to be a minor. Without someone being enticed away, Hansen argues the offense was not completed, only attempted. We agree.

The statute does not define "entice." In *State v. Osmundson*, 546 N.W.2d 907 (Iowa 1996), we rejected a vagueness challenge to section 710.10. There, we noted "a statute is not unconstitutionally vague if the meaning of the words used can be fairly ascertained by reference to their ordinary and usual meaning, the dictionary, similar statutes, the common law, or previous judicial determinations." *Osmundson*, 546 N.W.2d at 909. We then quoted from two dictionaries. Webster's defined "entice" as " 'to draw on by arousing hope or desire' or 'to draw into evil ways.' " *Id.* (quoting *Webster's Third New International Dictionary* 757 (1986)). "Synonymous words include 'allure,' 'attract,' and 'tempt.' " *Id.*

(quoting *Webster's Third New International Dictionary* 757). We also quoted from Black's Law Dictionary, which defined "entice" as

> "[t]o wrongfully solicit, persuade, procure, allure, attract, draw by blandishment, coax or seduce. To lure, induce, tempt, incite, or persuade a person to do a thing. Enticement of a child is inviting, persuading *or attempting to persuade* a child to enter any vehicle, building, room or secluded place with intent to commit an unlawful sexual act upon or with the person of said child."

*Id.* (quoting *Black's Law Dictionary* 477 (5th ed. 1979) (emphasis added)). We concluded "[t]hese definitions and the commonly understood meaning of 'entice' are specific enough to provide guidance to ordinary citizens and fair notice of what actions are proscribed" in section 710.10. *Id.* at 910.

According to the State, the definition found in Black's focuses entirely on the defendant's conduct and supports its contention Hansen is guilty of enticement. The State argues the victim or purported victim's response to the defendant's actions is irrelevant because all that is required is "inviting, persuading or attempting to persuade." *Black's Law Dictionary* 477. The problem with the State's contention is the Black's definition encompasses both enticement and attempted enticement. That distinction did not matter in *Osmundson* because Osmundson was convicted of attempted enticement. *Osmundson*, 546 N.W.2d at 908. We simply referenced definitions from the two dictionaries in order to illustrate the meaning of "entice" was readily ascertainable. Our intent was not to wholly incorporate these definitions into section 710.10.

If we were to use the Black's definition of "entice" to establish the parameters of the crime of enticement, we would virtually eliminate any

distinction between enticement and attempted enticement.[1]    Our legislature clearly intended to establish separate crimes with separate penalties.  Thus, when defining "entice" for purposes of section 710.10, we believe Webster's definition is more succinct:

> "Entice" is defined as "to draw on by arousing hope or desire" or "to draw into evil ways." Synonymous words include "allure," "attract," and "tempt."

*Id.* at 909 (quoting *Webster's Third New International Dictionary* 757).

Moreover, the State's interpretation of the statute renders the word "away" meaningless.  Section 710.10 refers to the defendant "entic[ing] away" or "attempt[ing] to entice away" a minor or a person reasonably believed to be a minor.  Iowa Code § 710.10(2), (3).  The State notes we said in *Osmundson* the word "away" "does not add to or alter the meaning of the word 'entice.' "  *Osmundson,* 546 N.W.2d at 910.  The State takes this quote out of context.  We were simply stating the word "away" does not make the word "entice" vague or confusing.   In *Osmundson,* we said the meaning of "away" is clear:  "Applied to the facts of this case, no person of ordinary intelligence would be left in doubt as to the meaning of the word 'away'; the defendant attempted to persuade the boys to leave the area where they were talking and go to [the defendant's] apartment."  *Id.*

As we said in *Osmundson,* the word " 'entice' focuses on the actions of the defendant; it does not matter what the victim thought."  *Id.* For example, if a defendant with the intent to molest a child asks that

---

[1]The State claims even under a broad definition of enticement, there would be at least some circumstances where a defendant is only guilty of attempted enticement. According to the State, a defendant would be guilty of attempted enticement if he tried to make contact with a minor with the requisite intent to commit the illegal act but was unsuccessful in reaching the minor.   Presumably, the State is referring to circumstances where a defendant called a minor and got a busy signal or a defendant's email to a minor was blocked by filters.  We do not believe this is the type of conduct the State meant to outlaw when it created the attempted enticement statute.

child to help him find his puppy, it does not matter what the child thought was going to happen if she went with the defendant. However, the phrase "entices away" requires the fact finder to look not only to the actions and conduct of the defendant but also to the impact of those actions upon the victim. A perpetrator entices, but it is the victim who is enticed away. Thus, under our example, the defendant is guilty of enticement if the child goes with the defendant and guilty of attempted enticement if the child runs away from the defendant.

We find substantial evidence lacking to support Hansen's conviction for enticement. While Hansen had the requisite intent, he failed to lure or tempt away a minor or someone reasonably believed to be a minor. We doubt any of the Cedar Falls police officers were "enticed away" from their offices to the Wal-Mart store because of Hansen's blandishments. Thus, he is guilty of attempted enticement. We affirm the court of appeals.

## IV. Conclusion.

We agree with the court of appeals there is insufficient evidence to support Hansen's conviction for enticement. We agree the case should be remanded with instructions to enter a verdict of guilty for attempted enticement.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED; AND CASE REMANDED.**