# IN THE COURT OF APPEALS OF IOWA

No. 13-1715
Filed December 24, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**AVERY DYLAN SCRIBNER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Madison County, Randy V. Hefner (guilty plea) and Paul R. Huscher (sentencing), Judges.

The defendant appeals the judgment and sentence entered after he pled guilty to enticing a minor. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Dennis D. Hendrickson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Julie A. Forsyth, County Attorney, and Eric H. Anderson, Assistant County Attorney, for appellee.

Considered by Mullins, P.J., McDonald, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Avery Dylan Scribner appeals the judgment and sentence entered after he pled guilty to enticing a minor, in violation of Iowa Code section 710.10(2) (2011). He contends his trial counsel was ineffective in failing to advise him to file a motion in arrest of judgment because there was no factual basis for his plea. He also contends the court abused its discretion in sentencing by relying on an inappropriate factor in sentencing him to a term of incarceration.

**I. Ineffective Assistance of Counsel.**

We review Scribner's claim of ineffective assistance of counsel de novo. *See State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). In order to prove counsel was ineffective, Scribner must show counsel failed to perform an essential duty and he was prejudiced by that failure. *See id.* If Scribner's counsel allowed him to plead guilty and waive his right to file a motion in arrest of judgment when there was no factual basis to support the plea, counsel failed to perform an essential duty and prejudice is presumed. *Id.*

Scribner does not suggest his plea was involuntary but rather claims there is no factual basis for his plea. Therefore, we may examine the entire record before the district court—not just the plea colloquy—to determine if a factual basis exists. *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). The record includes the inquiry of the defendant, inquiry of the prosecutor, presentence report, and minutes of evidence. *Ortiz*, 789 N.W.2d at 768. The evidence must demonstrate sufficient facts to support the offense, though it need not rise to the level necessary to support a guilty conviction. *Id.*

A person is guilty of enticing a minor "when, without authority and with the intent to commit an illegal sex act upon or sexual exploitation of a minor under the age of sixteen, the person entices *or attempts to entice* a person reasonably believed to be under the age of sixteen." Iowa Code § 710.10(2) (emphasis added). In order to be convicted, a defendant must commit "an overt act evidencing a purpose to entice." *Id.* § 710.10(5). Methods of enticement include communication through social media. *Id.* § 710.10(7). Although section 710.10 does not define "entice," our supreme court has adopted the word's ordinary and usual meaning. *State v. Hansen*, 750 N.W.2d 111, 113 (Iowa 2008). The ordinary definition of entice is "to draw on by arousing hope or desire," "to draw into evil ways," and synonymous with words like "'allure,' 'attract,' and 'tempt.'" *Id.* (citations omitted).

Our review of the plea colloquy and the minutes of testimony attached to the trial information establishes Scribner contacted a girl he knew to be under the age of sixteen on Facebook and asked if he could touch her and see her naked. He also asked several times if she wanted to have sex and stated he could touch her in a sexual way. Specifically, on November 14, 2012, Scribner asked, "Can we have sex[?]" On November 15, 2012, Scribner told the girl, "I wanna ha[v]e sex . . . [o]r see you naked." On an earlier occasion, Scribner admitted he touched the girl's breast under her bra for one or two minutes. At the time of these acts, Scribner was twenty-six years old.

Scribner completed an overt act by contacting the girl on Facebook and asking her to have sex with him. His actions and conduct are sufficient evidence of his intent. *Id.* at 114. Although the girl did not acquiesce, Scribner's actions

show he attempted to entice her, which is sufficient to support a conviction under section 710.10(2). *See id.* ("[T]he defendant is guilty of enticement if the child goes with the defendant and guilty of attempted enticement if the child runs away from the defendant."). Because the evidence establishes a factual basis for Scribner's plea, his counsel did not breach any duty by failing to advise him to file a motion in arrest of judgment challenging the factual basis. Accordingly, Scribner's ineffective-assistance-of-counsel claim fails.

**II. Sentencing.**

We next review Scribner's challenge to his sentence for an abuse of discretion. *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). No abuse of discretion will be found unless the defendant shows the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). In exercising its discretion, the court must weigh all pertinent matters, including the nature of the offense, the attending circumstances, and the defendant's age, character, and chance for reform. *Id.*

Scribner argues the court abused its discretion by considering his "chaotic upbringing" and "out-of-home placements," which he argues are invalid reasons for sentencing him to a term of incarceration. However, a review of the record shows the court considered the need and potential for rehabilitation, the public's protection, and nature of the crime before concluding incarceration was necessary. It found, "probation would unduly minimize the seriousness of this offense and the impact of this offense on the public and on the specific victim. It would not provide the maximum opportunity for or the incentive for rehabilitation

of this defendant." The court's brief mention it considered Scribner's upbringing was in response to the mitigating circumstances offered by his counsel. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) (noting the sentencing court "is to consider any mitigating circumstances relating to a defendant"). Because the court properly exercised its discretion in sentencing Scribner, we affirm.

**AFFIRMED.**