# IN THE COURT OF APPEALS OF IOWA

No. 15-1206
Filed September 14, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRIANNA DANIELLE MARTINEZ,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge.

Brianna Martinez appeals from her conviction by jury trial for operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2013). **AFFIRMED.**

Joel E. Fenton of Law Offices of Joel E. Fenton, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Brianna Martinez appeals from her conviction by jury trial for operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2013).[1] Martinez asserts the district court erred in denying the motion for bill of particulars, denying the motion for judgment of acquittal, and instructing the jury on the operating element of the offense. Because we find the motion for bill of particulars was properly denied, there was sufficient independent evidence supporting the confession, and substantial evidence supports the conviction, we affirm.

**I. Background Facts and Proceedings.**

The events at issue in this matter occurred on October 13, 2014, when an officer was alerted to a report of an intoxicated driver operating a vehicle matching the description of the vehicle transporting Martinez and her roommates, Sam Mossman and Tanner Lawman.[2] When the officer located the vehicle, it was parked and Lawman was attempting to change a flat tire. Mossman was in the passenger's seat, and Martinez was sitting in the driver's seat with the driver's door open.

The officer asked Martinez "if she was the nice one taking everyone home," and she replied she was. The officer smelled a strong odor of alcoholic beverages coming from the vehicle and noticed Martinez appeared to be intoxicated. Lawman, who was the owner of the car, indicated the flat tire was

---

[1] Section 321J.2 requires the State to show that a person (1) operated a motor vehicle (2) while under the influence of alcohol or other drugs. We will refer to element (1) throughout this case as the "operating element."

[2] The vehicle, a red Nissan Altima, matched the color, make, model, and license-plate number provided in the report.

caused by the car hitting a curb and stated he had been "backseat driving." Martinez admitted she had been consuming alcohol and agreed alcohol had played a role in hitting the curb.

Martinez failed the field sobriety tests and agreed to submit to a preliminary breath test. However, the officer was unable to obtain a preliminary breath test after a number of attempts because Martinez was not exhaling a sufficient amount of air. When asked by the officer why Martinez was driving rather than the other individuals, she replied that they had asked her to drive. The officer put Martinez under arrest and transported her to the police station. An official breath test from the Datamaster revealed Martinez had a blood alcohol content of .260.

Martinez was charged by trial information with operating while intoxicated on November 20, 2014, and the order for arraignment was entered December 5, 2014. In response to depositions of Mossman and Lawman conducted on May 27, 2015, Martinez filed a combined motion for bill of particulars and to dismiss on June 4, 2015. After a hearing, the court overruled both motions.

Trial was held June 30 and July 1, 2015. Mossman and Lawman testified they could not remember who was driving the vehicle. Martinez testified Lawman was driving, and she was riding in the back seat. She stated she moved to the driver's seat only after they stopped to change the flat tire.

The jury returned a verdict of guilty to the charge of operating while intoxicated. Martinez was sentenced to ninety days in jail, with all but four days suspended, and two years of probation. Martinez now appeals.

**II. Motion for Bill of Particulars.**

First, Martinez contends the district court erred in denying the motion for bill of particulars. We review the district court's decision to grant or deny a motion for bill of particulars for an abuse of discretion. *State v. Marti*, 290 N.W.2d 570, 576 (Iowa 1980).

Iowa Rule of Criminal Procedure 2.11(5) provides:

> When an indictment or information charges an offense in accordance with this rule, but fails to specify the particulars of the offense sufficiently to fairly enable the defendant to prepare a defense, the court may, on written motion of the defendant, require the prosecuting attorney to furnish the defendant with a bill of particulars . . . .

There is no absolute right to a bill of particulars, rather "a bill of particulars ordinarily may be allowed in the discretion of the trial court where the charges of the indictment are so general in their nature that they do not fully advise the accused of the specific acts with which [the accused] is charged." *State v. Lass*, 228 N.W.2d 758, 765 (Iowa 1975).

Martinez argues the depositions of Mossman and Lawman indicating a change in their testimony disfavoring the State entitled Martinez to a bill of particulars to "know what residual proof, if any, the State intended to provide in order to prove the [operating] element of the offense." However, "[t]he motion for bill of particulars . . . cannot be used as a device to obtain the prosecutor's evidence or theory of the case or unessential allegations." *Id.*

The trial information and minutes of testimony not only informed Martinez of the elements of the crime charged but also included the officer's incident report and the Datamaster test results. Because the trial information and

minutes of testimony included more than sufficient information to apprise Martinez of the crime charged, and because the motion was untimely,[3] the district court did not abuse its discretion in denying the motion for bill of particulars.

**III. Motion for Judgment of Acquittal.**

Martinez also asserts the district court erred in denying the motion for judgment of acquittal made at the end of the State's presentation of evidence.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Hansen*, 750 N.W.2d 111, 112 (Iowa 2008). "We will uphold a trial court's denial of a motion for judgment of acquittal if the record contains substantial evidence supporting the defendant's conviction." *State v. McCullah*, 787 N.W.2d 90, 93 (Iowa 2010). "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Hansen*, 750 N.W.2d at 112.

Martinez contends the operating element[4] was not supported by substantial evidence because the element was shown only through Martinez's uncorroborated admissions made at the time of the incident.

Under Iowa Rule of Criminal Procedure 2.21(4), "[t]he confession of the defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the defendant committed the offense." Thus, other evidence must be shown to connect Martinez to the crime. *State v.*

---

[3] Iowa Rule of Criminal Procedure 2.11(5) also provides, "A motion for bill of particulars may be made any time prior to or within ten days after arraignment . . . ." Martinez was arraigned on December 5, 2014. The motion for bill of particulars was filed on June 4, 2015, well after the appropriate ten-day period.

[4] Martinez concedes she was intoxicated and only disputes she was shown to have been operating the vehicle.

*Liggins*, 524 N.W.2d 181, 187 (Iowa 1994). However, the "[c]orroboration need not be strong nor need it go the whole of the case so long as it confirms some material fact connecting the defendant with the crime." *Id.* "[T]he 'other proof' itself does not have to prove the offense beyond a reasonable doubt or even by a preponderance. Other independent evidence '"merely fortifies the truth of the confession, without independently establishing the crime charged."'" *State v. Polly*, 657 N.W.2d 462, 467 (Iowa 2003) (citations omitted).

In this case, there is other evidence corroborating Martinez's admissions to driving the vehicle. The officer responded to a report of an intoxicated driver operating a vehicle matching the description of the vehicle Martinez was found in. Upon the officer's approach, he observed Martinez sitting with her whole body in the driver's seat of the vehicle. The flat tire corroborated both the explanation that the car hit a curb and Martinez's admission that alcohol played a part in causing the flat tire. Also, Lawman stated he had been "backseat driving," indicating he was not driving his car. We find the other evidence is sufficient to corroborate Martinez's admissions to operating the vehicle.

In respect to the issue of substantial evidence, proof of operation of a motor vehicle may be established by circumstantial evidence or direct evidence, and both are equally probative. *State v. Boleyn*, 547 N.W.2d 202, 205 (Iowa 1996). For the same reasons the corroboration requirement is satisfied, there was substantial circumstantial evidence of Martinez's operation of the motor vehicle. Her appearance of intoxication and resulting breath test reflecting a blood alcohol content of .260 satisfy the remaining element of the offense.

Accordingly, we conclude there is substantial evidence to support Martinez's conviction for operating while intoxicated.

## IV. Jury Instruction on the Operating Element.

Martinez also contends the district court erred in instructing the jury on the operating element without a showing of substantial evidence to support submission of the instruction. However, Martinez did not object to the instruction, and therefore has waived the claim on appeal. *See State v. Ondayog*, 722 N.W.2d 778, 785 (Iowa 2006) (stating a "timely objection to jury instructions in criminal proceedings is necessary to preserve alleged error for appellate review"). Because error was not preserved, we decline to address this issue.

## V. Conclusion.

We conclude the district court did not abuse its discretion in denying the motion for bill of particulars, there was sufficient corroboration of Martinez's confession, and substantial evidence supports the conviction. We therefore affirm.

**AFFIRMED.**