# IN THE COURT OF APPEALS OF IOWA

No. 16-1568
Filed November 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LEVI LEONARD HAMILTON,**
        Defendant-Appellant.

_____


        Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.


        A defendant appeals his convictions for eluding in the first degree and operating while intoxicated.  **AFFIRMED.**


        Rees Conrad Douglas, Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

At his bench trial for eluding in the first degree and operating while intoxicated, Levi Hamilton admitted to not stopping his Chevy Malibu when police officers signaled him to do so in the early morning hours of March 4, 2016. He also admitted to smoking marijuana "every day usually." But he testified March 4 was the one day he had abstained. The district court did not credit Hamilton's denial and found him guilty on both counts. On appeal, Hamilton claims the State offered insufficient evidence he was under the influence of marijuana. Because the record contains proof beyond a reasonable doubt that Hamilton violated Iowa Code section 321J.2 (2016), we affirm his convictions.

## I. Facts and Prior Proceedings

Around two in the morning, undercover officers saw Hamilton's Malibu park three feet from the curb outside a Sioux City house they suspected of hosting illicit drug activity. The Malibu's four occupants went inside the house for about fifteen minutes. The undercover officers, driving an unmarked car, followed the Malibu when it pulled away. Officer Dan Wagner recalled Hamilton driving the Malibu southbound "completely in what would be considered the oncoming vehicle's position, within a foot of the vehicles that were parked northbound. . . . It nearly looked like he was going to hit them."

When a uniformed officer in a marked car showed up and activated its overhead lights and sirens, Hamilton sped away, leading the police on a high-speed chase through the residential neighborhood. Officers estimated Hamilton's speed reached sixty-five to seventy miles per hour in a thirty mile-per-hour zone. Hamilton abandoned the car in the back of an apartment complex

and fled on foot. Officers pursued with the help of a K-9 unit. When officers found Hamilton, they noticed he was unsteady on his feet, "he was stumbling a bit," and his eyes were red. Sioux City Officer Mike Simoni smelled the "very strong" odor of burnt marijuana coming from Hamilton. Officer Simoni transported Hamilton to the Alcohol Safety Action Program (ASAP) office in the Woodbury County jail, where the officer detected the smell of burnt marijuana coming from Hamilton's breath as they were carrying on a conversation. Officer Simoni, who had training as a drug recognition expert, testified Hamilton did not cooperate with tests designed to measure impairment. Hamilton also refused to provide a urine sample.

The State charged Hamilton with eluding in the first degree,[1] a class "D" felony, in violation of Iowa Code section 321.279(3), as an habitual offender, and operating while intoxicated,[2] a serious misdemeanor, in violation of section 321J.2. Hamilton waived a jury and appeared before the district court for trial in August 2016. After hearing testimony from several police officers, as well as Hamilton himself, the district court found Hamilton guilty on both counts. Hamilton now challenges those convictions.

---

[1] Under Iowa Code section 321.279(3), the State was required to prove the following elements: (1) On or about the 4th day of March, 2016, the defendant was driving a motor vehicle; (2) The defendant willfully failed to bring the motor vehicle to a stop or otherwise eluded a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop; (3) In doing so the defendant exceeded the speed limit by twenty-five miles per hour or more; and (4) At the time, the defendant was operating the motor vehicle while under the influence of alcohol or drugs or a combination thereof.

[2] Under Iowa Code section 321J.2, the State was required to prove the following elements: (1) On or about the 4th day of March, 2016, the defendant operated a motor vehicle; and (2) At that time, the defendant was under the influence of alcohol, drugs, or a combination of alcohol and drugs.

## II. Scope and Standard of Review

We review challenges to the sufficiency of the evidence for correction of legal error. *See State v. Hansen*, 750 N.W.2d 111, 112 (Iowa 2008). We view the record in the light most favorable to the State, and we make all legitimate inferences and presumptions that may reasonably be inferred from the evidence. *See State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). We will uphold the district court's rulings as long as substantial evidence supports them. *See State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Hansen*, 750 N.W.2d at 112.

## III. Substantial-Evidence Analysis

### A. Preservation of Error

Hamilton's counsel launches his appellate argument by criticizing the district court for "citing Hamilton's silence as proof of the use of marijuana." Counsel asserts: "[I]t is not the position of American courts that failure to answer police questions denotes guilt." *See State v. Metz*, 636 N.W.2d 94, 97-98 (Iowa 2001) (discussing postarrest silence under *Doyle v. Ohio*, 426 U.S. 610, 618-20 (1976)). The State contends this aspect of Hamilton's argument was not preserved because he did not object at trial to Officer Simoni's testimony about Hamilton's lack of cooperation.

Hamilton's claim under *Doyle* is not properly before us because he did not raise it at trial.[3] *See In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal.").

## B. Proof of Under-the-Influence Element

The only issue on appeal is whether the State proved Hamilton was under the influence of marijuana when he led officers on a high-speed chase through the streets of Sioux City. We find ample evidence in the record to support the district court's conclusion the State established this element of both crimes beyond a reasonable doubt.

A reasonable fact finder could have based its determination of guilt on the following testimony. The officers recalled Hamilton driving dangerously, accelerating into the opposing lane of traffic, and nearly sideswiping parked cars. On appeal, Hamilton creatively contends his ability to control the Malibu at a high rate of speed without striking the parked cars actually showed his unimpaired mental and physical capacities. But our case law allows the fact finder to infer impaired judgment from a driver's decision to evade police. *See State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004) ("Truesdell also drove the vehicle at a high rate of speed, and nearly struck store employees in the parking lot."). The

---

[3] Even if Hamilton had objected, the record before us does not support his contention the district court impermissibly relied on his postarrest silence as proof of guilt. Furthermore, proof of a driver's refusal to submit to chemical testing is admissible in determining a violation of section 321J.2. *See* Iowa Code § 321J.16; *State v. Bloomer*, 618 N.W.2d 550, 552 (Iowa 2000).

officers also believed Hamilton's circuitous route, including unnecessary turns, signaled his disorientation.

An officer trained in drug recognition noticed Hamilton's eyes were red—"a sign of smoking cannabis," which "enlarges the blood vessels in your eyes." Hamilton was also unsteady on his feet and slurred his speech. And significantly, the officer smelled burnt marijuana on Hamilton's breath. In his own testimony, Hamilton admitted being a daily marijuana smoker, but he denied smoking on March 4th, claiming he "was broke." The district court concluded Hamilton's denial was "just not believable." We defer to that credibility finding. *See State v. Weaver*, 608 N.W.2d 797, 804 (Iowa 2000) (noting the trier of fact is in a better position to assess credibility). In addition, the district court was allowed to consider Hamilton's chemical-test refusal and the possible reasons why he would refuse testing in deciding whether he was under the influence. *See State v. Massick*, 511 N.W.2d 384, 387 (Iowa 1994).

The district court's findings of guilt were supported by substantial evidence. We affirm Hamilton's convictions for first-degree eluding and operating while intoxicated.

**AFFIRMED.**