# IN THE COURT OF APPEALS OF IOWA

No. 18-0755
Filed April 3, 2019

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**DERRICK DEONTE MOORE,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Wittig, Judge.

A defendant appeals convictions for burglary, harassment, domestic abuse assault, and marijuana possession. **AFFIRMED.**

Matthew W. Boleyn of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**TABOR, Presiding Judge.**

Derrick Moore appeals his convictions for burglary in the first degree, harassment in the third degree, domestic abuse assault causing bodily injury, and possession of marijuana. He contends the State failed to offer sufficient evidence to support his convictions and he was prejudiced by trial counsel's subpar performance. Finding the State offered substantial evidence of burglary and drug possession, we affirm those convictions. Finding Moore failed to preserve error on his challenges to the remaining counts, we decline to disturb the jury verdicts. Because further development of the record is necessary to resolve Moore's allegations of ineffective assistance of counsel, we preserve those claims for possible postconviction-relief (PCR) proceedings.

## I.      Facts and Prior Proceedings

In the fall of 2017, Moore was dating A.S., often staying overnight at her apartment. But on September 1, they argued for most of the day and night—both over the telephone and through text messages. The situation escalated so much that A.S. called 911 just after 6 a.m. on September 2, telling dispatch she feared for her safety if Moore returned to the apartment. She also barricaded her front door.

True to A.S.'s fears, Moore forced his way into the apartment. He knocked the telephone from A.S.'s hand as she tried to call 911 again. A.S. testified Moore started hitting her. In her words: "He just kept swinging over and over." She recalled he struck her in the head and she fell to the ground, briefly losing consciousness. Moore also wielded a metal mop handle, landing blows to A.S.'s legs and arms.

Meanwhile, dispatch tried calling back to check on A.S. Soon police officers arrived at her apartment and knocked on the door. No one answered, but they could hear a woman crying inside. The officers pushed through the door and found A.S. in the kitchen. They then found Moore hiding in a closet. Upon searching Moore's pockets, the officers discovered two small plastic "gem bags"[1] containing a green leafy substance that later tested positive as marijuana.

A.S. received treatment at Finley Hospital. An emergency room doctor found she had a ruptured ear drum and bruising starting to develop on both of her legs and left arm.

As a result of the incident, the State charged Moore with six counts:

| | |
|---|---|
| Count I. | Burglary in the first degree; |
| Count II. | Harassment in the first degree; |
| Count III. | Domestic Abuse Assault Causing Bodily Injury; |
| Count IV. | Possession of a Controlled Substance; |
| Count V. | Willful Injury Causing Serious Injury; and |
| Count VI. | Domestic Abuse Assault While Using or Displaying a Dangerous Weapon. |

A jury convicted Moore of the following offenses:

| | |
|---|---|
| Count I. | Burglary in the first degree; |
| Count II. | Harassment in the third degree; |
| Count III. | Domestic Abuse Assault Causing Bodily Injury; |
| Count V. | Assault Causing Bodily Injury; and |
| Count VI. | Domestic Abuse Assault. |

The parties tried Count IV, marijuana possession, to the bench, also resulting in a finding of guilt.

---

[1] The officer explained: "They're the smaller bags that are technically supposed to be used for gems that jewelers use. They're very small, and they have—they hold pills, weed, gems, in theory."

In a post-trial hearing, the court merged the convictions for assault causing bodily injury (Count V) and domestic abuse assault (Count VI) into the conviction for domestic abuse assault causing bodily injury (Count III). The court denied Moore's motion for new trial and motion in arrest of judgment.[2] He received an indeterminate sentence of twenty-five years for the burglary conviction, to run concurrently with sentences of thirty days, five years, and ninety days on the remaining counts. Moore appeals.

## II.    Analysis

### A.  Sufficiency of the Evidence for Harassment, Assault, and Burglary

Before reaching Moore's sufficiency challenges, we address two threshold issues raised by the State.

*1.     Simple misdemeanor discretionary review.*     Third-degree harassment is a simple misdemeanor. Iowa Code § 708.7(4)(b) (2017). As such, Moore had no right to directly appeal that conviction. *See id.* § 814.6(1)(a); *Tyrell v. Iowa Dist. Court*, 413 N.W.2d 674, 675 (Iowa 1987). As the State points out, we may treat Moore's appeal of the simple-misdemeanor conviction as a request for discretionary review. *See* Iowa R. App. P. 6.108. Because it is closely linked to the indictable offenses properly on appeal, we opt to do so. *See* Iowa R. App. 6.106(2).

---

[2] Moore claimed, for the first time, he did not receive a fair trial because the jury contained no African-Americans; he also raised several sufficiency-of-the-evidence arguments duplicated in the motion for new trial. The district court agreed with the State: He could not raise the jury issue once the jurors had been sworn; nor could he raise sufficiency arguments in a motion in arrest of judgment. Moore now raises the issue within the ineffective-assistance-of-counsel framework.

*2.     Error preservation: harassment and assault.*  "To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal." *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004). The State argues Moore did not preserve error on his sufficiency claims for harassment and domestic abuse assault because he did not raise the same grounds at trial that he asserts here.

We agree with the State's error-preservation argument.  On appeal of the harassment count, Moore contends the contact between him and A.S. was "mutual."   In the district court, he argued the State offered no evidence he communicated a threat to commit a forcible felony, an element of first-degree harassment,[3] or a threat to cause bodily injury, an element of second-degree harassment.[4]   He did not contest third-degree harassment, the ultimate jury verdict.[5]  Accordingly, his motion for judgment of acquittal did not preserve his new argument.

On appeal of his conviction for domestic abuse assault causing bodily injury, Moore attacks A.S.'s credibility and asserts "it is reasonable to believe the assault was self-inflicted and staged."   But in his motion for judgment of acquittal, he

---

[3] "A person commits harassment in the first degree when the person commits harassment involving . . . A threat to commit a forcible felony."  Iowa Code § 708.7(2)

[4] "A person commits harassment in the second degree when the person commits harassment involving a threat to commit bodily injury, . . . ."  Iowa Code § 708.7(3)

[5] The third-degree harassment instruction included the following elements:

> 1. On or about the 2nd day of September 2017, Defendant, purposefully and without legitimate purpose, had personal contact with [A.S.].
> 2. Defendant did so with the specific intent to intimate, annoy or alarm [A.S.].

questioned whether the mop constituted a dangerous weapon, the key element of Count VI, domestic abuse assault while using or displaying a dangerous weapon. Trial counsel then asserted if the court acquitted Moore on the greater charge, "all of those lesser included need to go as well, and that it can be taken care of under Count III. Count VI needs to go away. That needs to be dismissed, and we believe you can do that."[6] Because Moore challenged the assault crimes on different grounds in the district court, we conclude he did not preserve the sufficiency issues he now raises on appeal. Without reaching the merits of his claims, we affirm his convictions for third-degree harassment and domestic abuse assault causing bodily injury.[7]

3. *Substantial evidence: burglary in the first degree.* "We review challenges to the sufficiency of evidence for correction of errors at law." *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). We will uphold a verdict of guilty if it is supported by substantial evidence. *Id.* Substantial evidence exists when a rational trier of fact would be convinced the defendant is guilty beyond a reasonable doubt. *Id.* We view all relevant evidence in the light most favorable to the State. *Id.* Evidence

---

[6] In his reply brief, Moore asserts the grounds for his motion were "obvious and understood by the trial court and counsel." *See State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005) (applying error preservation exception where record demonstrates counsel and the court understood grounds for motion despite imprecision). We disagree, particularly because the court did not contemporaneously address the issue Moore raises here—that the assault was self-inflicted and staged.

[7] Moore raised these issues in a motion for new trial, and the court properly decided them on the weight-of-the-evidence standard. *See State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998) (holding motions for new trial are judged on the weight-of-the-evidence standard, not a sufficiency-of-the-evidence standard). Moore also raised them in his motion in arrest of judgment; the court correctly decided Iowa Rule of Criminal Procedure 2.24(3) does not permit a challenge to the sufficiency of the evidence in a motion in arrest of judgment. *See also State v. Oldfather*, 306 N.W.2d 760, 762 (Iowa 1981) ("A motion in arrest of judgment may not be used to challenge the sufficiency of the evidence."). Neither of those motions preserved his substantial-evidence challenges.

is not substantial if it raises only suspicion, speculation, or conjecture. *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016).

The State had the burden to show Moore "did not have permission or authority to enter into the residence" on the morning of September 2.[8] Moore asserts he had permission to enter because he was essentially living with A.S.—he slept at her apartment most nights and could come and go from the residence at will.

Indeed, A.S. testified Moore would spend the night at her apartment "most of the time." But a reasonable jury could have concluded from her testimony that she revoked any prior permission Moore had to be in her apartment by declining to pick him up the night of September 1, communicating her fears to police, and barricading her front door to bar his entry into the apartment. *See State v. Peck*, 539 N.W.2d 170, 172 (Iowa 1995) (explaining "a party may not have a right to enter a home, even if it is his own"). In addition, A.S. was the protected party under a no-contact order restricting Moore's conduct. Even if A.S. had invited Moore to her apartment on other occasions, his presence there was prohibited by law. *See id.* at 173 ("Application of our burglary law in these circumstances will tend to discourage domestic violence and promote security in the home.").

Moore flags inconsistencies in A.S.'s testimony, but her credibility was a question for the jury. *See State v. Hunt*, 801 N.W.2d 366, 377 (Iowa Ct. App. 2011) ("The very function of the jury is to sort out the evidence and place credibility where

---

[8] Moore advanced just one ground in his motion for judgment of acquittal: Whether he had permission to enter the apartment. Accordingly, that is the only ground preserved for our review.

it belongs."). The district court found substantial evidence for the jury to decide "whether or not he had a reasonable understanding that he was permitted to be there, based on the things that were said, not only to the dispatch but by [A.S.] here in the courtroom." The court's ruling was correct. The State presented substantial evidence Moore committed burglary in the first degree.

## B. Substantial Evidence: Possession of Marijuana

The parties tried the marijuana-possession count to the bench. The district court found Moore guilty of knowingly or intentionally possessing the controlled substance, in violation of Iowa Code section 124.401(5). Following trial to the court, we review a sufficiency-of-the-evidence challenge for correction of legal error.[9] *State v. Hansen*, 750 N.W.2d 111, 112 (Iowa 2008). The district court's findings of guilt are binding on us if backed by substantial evidence. *Id.* "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* We still view the record in the light most favorable to the State and make all legitimate inferences and presumptions that may reasonably be inferred from the evidence. *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005).

Moore contends the State did not prove he knowingly or intentionally possessed the marijuana. He asserts the court presumed without supporting evidence that he knew marijuana was inside the plastic bags in his pocket. His assertion is without merit. The court could reasonably infer Moore was aware the substance in his front pocket was marijuana. The police officers pulled out two

---

[9] "When a sufficiency of the evidence claim is made on appeal from a criminal bench trial, error preservation is no barrier." *Howse*, 875 N.W.2d at 688 (edited for readability).

gem bags, which commonly hold contraband. Gem bags "may be used for the redistribution of marijuana." *See United States v. Allen*, No. CR10-1004, 2010 WL 1328162, at *1 (N.D. Iowa Apr. 2, 2010). The officers identified the green leafy material inside the bags by sight and smell as marijuana. Given the telltale packaging, the easily-identifiable appearance and scent of the drug, and the location in his front pants pocket, the court reasonably inferred that Moore knew the nature of the substance. The district court also could have inferred from Moore's prior marijuana conviction that he knew the material in his pocket was a controlled substance. *See State v. Henderson*, 696 N.W.2d 5, 11 (Iowa 2005) (holding "prior conviction makes it more probable that Henderson knew the material on top of her refrigerator was a controlled substance, namely, marijuana"). We affirm the conviction for possession of marijuana.

### C. Ineffective Assistance of Counsel

Moore next raises two claims of ineffective assistance of counsel. "Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules." *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010). To prevail on appeal, Moore must show by a preponderance of the evidence counsel breached an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). As our default mode, we preserve ineffective-assistance claims for PCR actions. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). We prefer preservation to develop the record when the challenged action or inaction by counsel may implicate trial tactics. *Id.*

*1.      Failure to timely challenge jury pool.* Moore complains his venire panel did not contain any potential jurors who were African American. Moore, who

is African American, contends he was denied a fair trial by an impartial jury of his peers. Moore faults his trial counsel for not challenging the jury composition in a timely fashion. Counsel first raised the claim by motion in arrest of judgment, rather than before the jury was sworn, as required by rule. *See* Iowa R. Crim. P. 2.18(3); *State v. Johnson*, 476 N.W.2d 330, 332 (Iowa 1991) (requiring objections, including constitutional questions, be raised at the earliest opportunity after the grounds become apparent).

The Sixth Amendment entitles a litigant "to a jury panel designed to represent a fair cross-section of the community." *State v. Fetters*, 562 N.W.2d 770, 776 (Iowa Ct. App. 1997); *see also State v. Plain*, 898 N.W.2d 801, 821 (Iowa 2017). In *Duren v. Missouri*, the Supreme Court set out a three-part test to show a violation of that standard. 439 U.S. 357, 364 (1979) (explaining defendant must show (1) the group alleged to be excluded is distinctive in the community; (2) representation of the group in the jury venire was not fair and reasonable in relation to the number of such persons in the community; and (3) the underrepresentation was due to systematic exclusion). Because counsel failed to raise a timely *Duren* challenge, we have no record relevant to these factors to review. Therefore, we preserve Moore's claim for possible PCR proceedings.

*2.    Failure to challenge excluded bad-acts evidence.* Before trial, the district court granted Moore's motion in limine seeking to exclude prior bad acts under Iowa Rule of Evidence 5.404(b). But, during trial, several statements suggesting Moore had prior convictions entered the record without objection. For instance, in a police body-cam video, officers mentioned Moore having been arrested twenty times; A.S. testified Moore was incarcerated when they became

friends and they started dating when he was released; A.S. also said several times Moore was mad at her for calling the police because he had "time over his head." Moore contends counsel's inaction in the face of these damning revelations constituted ineffective assistance.

The State contends it is unnecessary to preserve this claim because Moore cannot show prejudice from these "stray references" to his criminal history. But given the severity of the improper character evidence, we cannot find the repeated violations of the court's limine ruling had no impact on the jury's assessment of the evidence. We find the better course is to allow Moore's trial counsel to explain any trial strategy that informed his decisions not to object. *See State v. Shorter*, 893 N.W.2d 65, 82–83 (Iowa 2017) (preserving an ineffective-assistance-of-counsel claim where counsel "may have made the strategic decision that the trial was going well enough to take a pass on a motion for a mistrial"). We therefore preserve both ineffective-assistance-of-counsel claims for possible PCR proceedings.

**AFFIRMED.**