# IN THE COURT OF APPEALS OF IOWA

No. 22-1681
Filed January 10, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**COREY ROBERT FENTON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.

Corey Fenton appeals his conviction and sentence for solicitation of commercial sexual activity. **CONVICTION CONDITIONALLY AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, Nicholas E. Siefert and Kyle Hanson (until withdrawal), Assistant Attorneys General, and Morgan Smith, Student Legal Intern, for appellee.

Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Corey Fenton appeals after a jury found him guilty of solicitation of commercial sexual activity. He challenges the admissibility of photographic evidence and contends there is insufficient evidence supporting the jury's verdict. He also contends the court applied the wrong standard in evaluating his motion for new trial and imposed an illegal sentence.

Because the district court did not abuse its discretion by admitting the evidence, and substantial evidence supports the jury's verdict, we conditionally affirm Fenton's conviction. But the district court applied the incorrect standard in ruling on Fenton's motion for new trial and imposed an illegal sentence by requiring Fenton to complete the sex offender treatment program as a term of his sentence. We therefore remand to the district court for further proceedings.

**I. Background Facts and Proceedings.**

The evidence shows that Fenton was thirty-six years old when he started a conversation on Facebook Messenger with a detective posing as a fifteen-year-old girl named Neveah. The two exchanged messages for more than one month. In those messages, the two discussed meeting for sex and Fenton sent Neveah a photo of his erect penis. When Neveah raised the possibility of involving another fifteen-year-old girl in their sexual encounter, Fenton asked what he would need to do for that to happen and stated he had no problem with "spoiling" Neveah a little. Eventually, the two agreed to meet in a shower room at a truck stop for sex. When Fenton arrived at the truck stop, law enforcement officers arrested him.

The State charged Fenton with solicitation of commercial sexual activity, in violation of Iowa Code section 710A.2A (2022). After a trial, the jury found Fenton

guilty. The court sentenced Fenton to serve five years in prison, ordering him to complete the sex offender treatment program as a term of his sentence.

**II. Evidentiary Ruling.**

Fenton first contends that the court erred by admitting a photographic exhibit into evidence. We review the trial court's evidentiary rulings for an abuse of discretion. *See State v. Thoren*, 970 N.W.2d 611, 620 (Iowa 2022). The trial court abuses its discretion when it acts for reasons not supported by substantial evidence or when it erroneously applies the law. *See State v. Gomez Garcia*, 904 N.W.2d 172, 177 (Iowa 2017).

During Fenton's trial, the State introduced the Facebook Messenger conversation between Fenton and Neveah into evidence.[1] Some messages were not included in the exhibit because Fenton sent them using a feature that erased the message five seconds after the recipient viewed it. Among these "secret" messages was the photo of Fenton's erect penis. But the detective who played the role of Neveah took a screenshot before the message disappeared, and the State introduced the photo into evidence as a separate exhibit. Fenton objected to the photo exhibit as unfairly prejudicial. He also argued the evidence was cumulative because the jury watched a video of his police interview, during which detectives questioned him about the photo. The trial court overruled the objections. Fenton now makes those arguments on appeal.

Iowa Rule of Evidence 5.403 allows the trial court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair

---

[1] At trial, two officers read the messages aloud while the State displayed the transcript of that conversation for the jury.

prejudice or the danger of needlessly presenting cumulative evidence. Because the rule allows the court to exclude relevant evidence, our supreme court has cautioned that it should be used "sparingly." *State v. Buelow*, 951 N.W.2d 879, 889 (Iowa 2020). The court uses a two-part test to assess whether to exclude under rule 5.403. *See Thoren*, 970 N.W.2d at 622. We first consider the probative value of the evidence. *See id.* We then "balance the probative value 'against the danger of its prejudicial or wrongful effect'" on the jury. *Id.* (citation omitted). Because this test "is not an exact science," "we give a great deal of leeway to the trial judge who must make this judgment call." *State v. Thompson*, 954 N.W.2d 402, 408 (Iowa 2021) (citation omitted).

The trial court did not abuse its discretion by admitting the photo into evidence. First, the photo exhibit is not cumulative to Fenton's recorded interview with police. Although detectives asked Fenton about sending the photo, Fenton never admitted that he sent it.[2] Second, the danger of unfair prejudice does not outweigh the photo's probative value. Fenton claims the photo has little probative value of his intent to engage in sexual activity because the Facebook Messenger transcript shows his conversation with Neveah "was clearly sexual in nature at various points and included discussions of various sex acts." But the photo has probative value beyond Fenton's intent to engage in sexual activity. Fenton sent the photo using the feature that caused the message to disappear after Neveah

---

[2] When asked if he sent any explicit photos of himself to Neveah, Fenton's answers alternated between "I don't think so" and "I sure hope not." He claimed that he talked to a lot of people on Facebook Messenger, suggesting that he might have confused his conversations. He also speculated that an ex-girlfriend may have sent the photo from his account. Finally, when the detectives showed Fenton the photo, he denied that it depicted his penis.

viewed it, indicating knowledge of his guilt. *See State v. Crawley*, 633 N.W.2d 802, 804–05 (Iowa 2001) (noting that evidence of concealment is probative of consciousness of guilt). The evidence is relevant to Fenton's knowledge that he was talking to a minor, which Fenton repeatedly claimed he either did not know or forgot. Because the jury viewed the sexually explicit messages Fenton exchanged with Neveah, it is unlikely that the photo drove the jury to determine Fenton's guilt based on anything besides the facts shown by the evidence. *See State v. Rodriquez*, 636 N.W.2d 234, 240 (Iowa 2001) (stating that unfairly prejudicial evidence "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action [that] may cause a jury to base its decision on something other than the established propositions in the case"(alteration in original) (citation omitted)).

### III. Sufficiency of the Evidence.

Fenton next challenges the sufficiency of the evidence showing he engaged in solicitation of commercial sexual activity. We review the sufficiency of the evidence for correction of errors at law. *State v. Cook*, 996 N.W.2d 703, 708 (Iowa 2023). We uphold the verdict if supported by substantial evidence. *Id.* Substantial evidence is evidence that is "sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted). We view the evidence and all legitimate inferences and presumptions that may be drawn from it in the light most favorable to the State. *Id.*

For the jury to find Fenton guilty of solicitation of commercial sexual activity, the State had to prove that Fenton enticed, coerced, or recruited (or attempted to entice, coerce, or recruit) a person under the age of eighteen or a law enforcement

officer representing to be a person under the age of eighteen to engage in commercial sexual activity.  *See* Iowa Code § 710A.2A.  The court instructed the jury that commercial sexual activity "means any sex act or sexually explicit performance for which anything of value is given, promised to, or received by any person and includes, but is not limited to, prostitution, participation in production of pornography, and performance in strip clubs."  *See id.* § 710A.1(1).

Although Fenton concedes that he discussed sexual activity with Neveah and arranged to meet her for sex, he argues the evidence does not support a finding that he gave or promised anything of value in exchange for sex.  We disagree.  During one conversation with Neveah, Fenton promised to pay for the shower room at the truck stop, saying, "i'l[l] get it no worries."  By paying for a shower room, Fenton would be providing "[some]thing of value."  Although Fenton argues that he made this offer to secure a place to meet rather than *in exchange for* sex, it is clear from the conversation that they were meeting for the purpose of sex.  Although Fenton did not have money to rent a shower room on the day they arranged to meet, that does not negate his earlier promise to do so.  Promising to pay for the shower room for the purpose of sex act is commercial sexual activity.

Even if providing the money for the shower room was not something of value to Neveah, Fenton made other statements that support the verdict.  In one conversation, Neveah asks Fenton what he would do to engage in sex with both her and a fifteen-year-old friend and Fenton replies, "what do i need to do lol."  When Neveah tells him that "[g]irls like food and clothes," Fenton replies, "ok i have no prob spoiling a [lil]."  During another conversation, Fenton says he is bored, and Neveah tells him that he should "go make some money" because it "always feels

good to have a lil $." Fenton then tells Neveah, "i have some money and you have?" before initiating more sexually explicit conversation. Although the details are not specific, the jury could also infer from these conversations that Fenton was offering Neveah something of value if she had sex with him.

Fenton also challenges the evidence showing that he enticed, coerced, or recruited Neveah to engage in commercial sexual activity. The court instructed the jury that

> the phrase "enticed, coerced, or recruited, or attempted to entice, coerce, or recruit, a person to engage in commercial sexual activity" refers to any verbal statement, act, or conduct which invites a person to be a partner in a sex act for money or other thing of value, regardless of whether a sex act occurred or a person made an actual payment of any kind.
> The request, solicitation, or acceptance does not have to be in any particular form of words. It can arise from a gesture or other expression which indicates a sex act was to occur.

Fenton argues that Neveah is the one who "initiated and drove many of the discussions." But it is clear from the evidence that Fenton wanted to engage Neveah in a variety of sex acts. It was a frequent topic of conversation, with Fenton explicitly describing the acts he wanted to engage Neveah in. Fenton invited Neveah to meet in person to follow through with those acts. Because one engages in solicitation of commercial activity both by enticing and attempting to entice another into commercial sexual activity, the State need not prove the enticement was tempting. *Cf. State v. Hansen*, 750 N.W.2d 111, 114 (Iowa 2008) (distinguishing enticement of a minor under Iowa Code under section 710.10 from attempted enticement of a minor based on the impact the defendant's actions had on the victim). Asking Neveah to engage in sexual activity based on the promise of renting a shower room (or providing something else of value) is enough to

sustain Fenton's conviction. *See Entice*, *Black's Law Dictionary* (11th ed. 2019) (defining entice as "to wrongfully solicit (a person) to do something"); *cf. Hansen*, 750 N.W.2d at 113 (holding that the definition of enticement in *Black's Law Dictionary* cannot be applied to statute prohibiting enticement of a minor because its focus is on the defendant's conduct and therefore "encompasses both enticement and attempted enticement").

Substantial evidence supports the jury's verdict.

**IV. Weight of the Evidence.**

Fenton contends the trial court applied the incorrect standard in ruling on his motion for new trial. The State concedes that the court denied the motion after applying a sufficiency-of-the-evidence standard rather than a weight-of-the-evidence standard. *See State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998) (stating that the court in ruling on a motion for new trial must determine whether the verdict is contrary to the weight of the evidence rather than applying a sufficiency-of-the-evidence standard). On this basis, we vacate the ruling on Fenton's motion for new trial and remand to the trial court to reconsider the motion under the weight-of-the-evidence standard. *See id.*

**V. Illegal Sentence.**

Finally, Fenton contends the court imposed an illegal sentence by ordering him to complete the sex offender treatment program as a term of his sentence. The State also concedes that the court did not have the authority to do so. *See* Iowa Code §§ 901.5, 903A.2, .4; *Dykstra v. Iowa Dist. Ct.*, 783 N.W.2d 473, 478–79 (Iowa 2010) (stating that the Iowa Department of Corrections has "broad

discretion" to determine participation in the sex offender treatment program).  We therefore vacate this portion of Fenton's sentence.

**VI. Conclusion.**

We conditionally affirm Fenton's conviction for solicitation of commercial sexual activity.  We vacate the court's ruling on Fenton's motion for new trial and the portion of his sentence requiring him to complete the sex offender treatment program.  We remand to the district to reconsider the motion for new trial under the correct standard.  If the court grants the motion on remand, it must set Fenton's conviction aside and order a new trial.  If it denies the motion, our affirmance stands, and the court must enter a corrected sentencing order.

**CONVICTION CONDITIONALLY AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**